JOHN B. LAMY, Plaintiff in error, v. LUCIEN REMUSON, Defendant in error

*January 30, 1882.*

REPLEVIN. (1) *Presumption as to execution of writ.*
SAME. (2) *Affidavit of plaintiff, evidence of value.*
PRACTICE. (3) *Correction of erroneous orders after continuance.*
REPLEVIN. (4) *Abandonment of action by plaintiff, proceedings,
and judgment of court upon.*

1. It is the duty of the plaintiff in replevin to know, before he compels the defendant to plead, what has been done with the writ and the property, and where a plaintiff sues out a writ of replevin, and on his motion the defendant is ruled to plead, and does plead to the merits, and the case is continued to the next term of the court without any question being raised by the plaintiff as to the whereabouts of the writ or the status of the property, till the final act of the court in assessing the value of the property, these acts by the plaintiff raise a strong presumption in the court below that the writ has been fully executed, and that the property is replevied and is in plaintiff's possession. In the supreme court this presumption under such circumstances will be conclusive.

2. The affidavit of the plaintiff as to the value of the property in suing out the writ is competent but not conclusive evidence of that value in any trial of that issue as against the plaintiff.

3. A case having been continued and remaining upon the docket for disposition next term, the court has the right to correct any erroneous orders previously made in such case, there having been no trial, verdict, or judgment in it.

4. Where plaintiff by dismissal abandons his suit in replevin, the court may retain the cause for the benefit of the defendant, and as against plaintiff and in favor of the defendant, the court may assess the damages and the value of the property, and render judgment therefor in defendant's favor. Such an assessment of the damages and the value of the property is not an invasion of the constitutional right of trial by jury.

Error to the District Court of Rio Arriba county, PRINCE, J.

This is an action of replevin brought by plaintiff in the district court for the county of Rio Arriba, first judicial dis-

trict of New Mexico, for the recovery of the following mentioned property, to wit: "One chalice or communion cup, one ciborium, and one remonstrance that were heretofore used in the catholic church in Santa Cruz." This writ was returnable at the September term, 1880, of said court.

At the return term of said court, and before any return of the writ of replevin by the sheriff had been made, the plaintiff, by his attorneys, dismissed his suit, or offered to do so, at the costs of plaintiff, but the court continued the cause for the purpose only of assessing the damages of the defendant.

And at the next regular term of the court, April, 1881, the court, upon motion of defendant, by his attorney, changed the order or judgment of the court at the former term, and entered a different judgment, *nunc pro tunc*, in said cause; and while no return had yet been made of the writ of replevin by the sheriff, proceeded to assess the damages of the defendant, and did assess the damages of defendant at the sum of $200, the only proof before the court being the affidavit of plaintiff filed in said cause to obtain a writ of replevin, and judgment was entered and execution ordered.

*Conway & Risque* for plaintiff in error.

Plaintiff was not compelled to prosecute his suit, nor could the defendant be damaged, unless the writ was executed, and the court had no evidence before it, nor does the record show that such was the case: Prince's Laws N. M., p. 162, sec. 7.

Judgment could not be rendered against the plaintiff for the assessed value of the property and damages for the use of the same from the time of the delivery, unless the writ had been executed. No such proof was before the court.

*Catron & Thornton*, for defendant in error.

In this action plaintiff sued out a writ of replevin, which was put in the hands of the sheriff of Rio Arriba county, who replevied the property mentioned to the plaintiff. It

seems the writ is not included in the transcript. At the return term, the defendant appeared and plaintiff ruled him to plead. Defendant then pleaded, after which plaintiff asked to dismiss his action, but the court continued the cause for certain purposes. At the next term defendant applied and had the order amended so as to assess the value of the property.

In the second order, which is amendatory of the first, the court says, " It is considered and adjudged by the court that the defendant do recover back from the said plaintiff the possession of the property replevied herein or the assessed value thereof, at his option. And in the part that makes up the final judgment the court says, " It is considered, etc., that defendant, Luciano Remuson, recover of the said plaintiff, John B. Lamy, the sum of two hundred dollars, the assessed value of the property heretofore replevied herein," etc., etc.

Plaintiff was present all the time, as appears by his bill of exceptions.

Plaintiff makes three exceptions, as will be seen by his bill, viz. :

1st. To amending the order on motion.

2d. To the court assessing the value of the property, instead of a jury.

3d. To the giving of the affidavit of replevin in evidence.

The plaintiff admitted the replevin of the property by his ruling the defendant to plead.

The court in the judgment finds twice that the property has been replevied.

The record imports absolute verity. The plaintiff did not object to an assessment of the value of the property, nor did he object to any judgment.

All he did object to was to amending the record, to the court assessing the value of property, and to the affidavit as evidence of value.

He made no motion for a new trial or in arrest of judgment, or did he object there had been no property replevied.

The amendment was proper. The assessment by the court was proper. The affidavit of plaintiff was competent evidence.

There is no error, and the judgment should be affirmed.

PARKS, Associate Justice: This court cannot discuss at length all the questions raised before it by assignment of errors or otherwise. In the present case a brief ruling is all that is necessary. Upon the record the court holds:

1st. The writ of replevin sued out in this case by the plaintiff was his suit, and to a very considerable extent under his control. The primary object was the possession of the property in dispute. It was the duty of the plaintiff to know, before he compelled the defendant to plead, what had been done with the writ and the property. On his motion the defendant was ruled to plead, and did plead, to the merits. The case was continued to the next term of the court, and no question was raised by him as to the whereabouts of the writ or the status of the property, till the final act of the court in assessing the value of the property. These acts on the part of the plaintiff raised a strong presumption in the court below that the writ had been fully executed and the property replevied and in his possession. In this court such presumption under the circumstances is conclusive.

2d. That the affidavit of the plaintiff to the value of the property, in suing out the writ is competent, but not conclusive evidence of that value in any trial of that issue as against the plaintiff.

3d. That the case having been continued, and remaining on the docket for disposition at the next term, the court had the right to correct any erroneous order previously made in the case, there having been no trial or verdict of a jury, or judgment upon such trial or verdict.

4th. The question of the right of the court to assess the value of the property or the damages, is the only one of which

Lamy v. Remuson.

we have had any doubt.  But the weight of the decisions in the states upon similar statutes is in the affirmative.  The supreme court of Illinois, more than twenty years ago, decided that statutes conferring upon courts the right to fix the value of the property and assess the damages in replevin were not an invasion of the constitutional right of trial by jury.  And the supreme court of Iowa, upon a statute very similar to ours, has held that, where upon plaintiff's motion, an action of replevin has been dismissed and is again reinstated on defendant's motion, for the assessment of the damages, the plaintiff is treated as a party in default, and cannot demand a jury.

In this case, we think there was no error in the court's fixing the value of the property or assessing the damages, for in the record those expressions are used interchangeably. It is also to be considered that a reversal in this case could not benefit the plaintiff.  The judgment against him is only $200, the value of the property fixed by himself in his affidavit, and on a new trial he would be estopped from proving any less sum.

We also call the attention of the attorneys to the fact that the bill of exceptions herein is materially defective, as is so often the case, and that we might affirm the judgment on that account alone.

The judgment of the district court is affirmed.