LAWRENCE FALLON, Plaintiff in Error, v. GEORGE W. MAN-
NING, Defendant in Error.

*Damages—Practice—Replevin.*—Where property in the possession of a party
having only a special interest therein, is taken by a stranger to the title,
in an action for the claim and delivery of personal property ; if the plaintiff
fail to maintain his action, the defendant is entitled to recover the entire
value of the property taken.

### Error to St. Louis Circuit Court.

*C. D. Colman*, for plaintiff in error.

There could be no trial of such issues in this case ; the
failure of the plaintiff to appear was a failure to prosecute
his suit, and in such case the court is only authorized to as-
sess the value of the property taken (or, in this case, the de-.
fendant's special interest therein) and damages for the
detention thereof. (R. C. 1855, p. 1245, § 11 ; Dilworth v.
McKelvy, 30 Mo. 149.) But, assuming there was a trial of
such issues and a determination thereof, there was no neces-
sity of any motion in the court below to set aside the judg-
ment, or for a new trial, or in arrest, or in any other man-
ner to call the attention of the court below to the errors
committed, so as to afford an opportunity to the court below
to correct them. The power of this court to examine into
an error committed by an inferior court does not depend
upon the question whether any exception was taken in the
court below, or any motion made there to correct the error ;
the only prohibition on the power of this court to reverse
the judgments of inferior courts is, that " no exception shall
be taken in an appeal, or writ of error, to any proceedings in
the Circuit Court, except such as shall have been expressly
decided by such court." (R. C. 1855, p. 1300, § 33.)

The only things necessary to authorize this court to inter-
vene are, 1. That the question has been " expressly deci-
ded" ·by the lower court; and, 2. That the error appears
on the record. (Carr & Co. v. Edwards, 1 Mo. 96 ; Hemp-
stead v. Stone, 2 id. 54, marg. 65 ; Hayton v. Hope, 3 id.

39, m. 53 ; Maupin v. Triplett, 5 id. 422 ; West v. Miles, 9 id.
167 ; Beckwith v. Boyce, 12 id. 440 ; Cox v. City of St.
Louis, 11 id. 431.) Most of these cases were reversed be-
cause more damages had been allowed than were claimed ;
and some of the cases show that motions were made in the
lower court, and in others no such motions appear to have
been made. (West v. Miles, 9 Mo. 167.)

An objection may be made in the Supreme. Court for the
first time, that an indictment, or a petition, is insufficient to
authorize a judgment. (McWaters v. The State, 10 Mo.
167 ; Hamuel v. The State, 5 id. 260 ; State v. Vaughn,
26 id. 29 ; Andrews v. Lynch, 27 id. 167 ; Syme v. Indiana,
28 id. 435 ; Ivory v. Carlin, 30 id. 142.) And " the objec-
tion is equally fatal, whether the error appear by the decla-
ration, plea, verdict, or judgment, if it be one which this
court can see that the court below expressly decided."
(Hempstead v. Stone, 2 Mo. 55, 66.)

And the court had also held, that, since the enactment of
the code of 1849, it will reverse for errors committed on the
trial and excepted to, although the attention of the court be-
low was not called to the error by motion, &c. (Fine v.
Rogers, 15 Mo. 315·; Wagner v. Jacoby, 26 id. 530 ; Prince
v. Cole, 28 id. 486.)

*G. S. Van Waggoner*, for defendant in error.

There was no exception taken by the plaintiff to the pro-
ceedings of the court, or to evidence on the trial below, and
the record shows none. The court will presume that the judg-
ment of the inferior court is correct, unless the record shows
the contrary. (Walter v. Cathcart, 18 Mo. 256.) From the
record, it appears that the plaintiff was a stranger to the
title of the property. This being the case, the defendant, as
against a stranger to the title, is entitled to recover the en-
tire value of the property as special owner, and the defend-
ant is answerable over as to the general owner, to the extent
of the general owner's interest. (Dilworth v. McKelvy, 30
Mo. 149.)

The mere entering of a non-suit in this case, the party plaintiff not having appeared, would have been superfluous. It is the imperative duty of the court, if the plaintiff fail to prosecute his action with effect, upon the request of the defendant, and upon proper proof, to have the value of the property assessed, if it appears that the property was in the possession of the plaintiff, and also the damages for its taking and detention, and to render therefor the proper judgment. (R. C. 1855, Ch. 128, Art. VII., § 11–12; Reed, Guardian, &c. v. Wilson & Garner, 13 Mo. 28; Dilworth v. McKelvy, 30 id. 149; Smith v. Winston, 10 id. 299.)

The plaintiff cannot in a replevin suit, by a discontinuance of the action or by suffering a non-suit, prevent a judgment being rendered against him for damages, or for return of the property. (Smith v. Winston, 10 Mo. 299; Collins v. Hough, 26 id. 129; Berghoff v. Hickwolf, 26 id. 511.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit by Fallon against Manning, under the 7th art. of our Practice Act, to recover possession of a lot of brick and sand claimed by the plaintiff. The property was taken from the defendant and delivered to the plaintiff on the usual order. The petition was in the ordinary form, averring the plaintiff's ownership and right of possession, and the defendant's possession an unlawful detention of the property in dispute. The answer put in issue the material allegations of the petition; and also alleged, that, at the time of the institution of the suit, the defendant held the property as one of the constables of St. Louis township, in St. Louis county, in virtue of a previous levy and seizure of the same by authority of an execution issued to him by a justice of the peace of said county, on a judgment rendered by said justice in favor of Archer, Whiteside & Co., against Peter Farry et al.; and further, that the defendant "believes, and therefore states the fact to be, that said Peter Farry was at the time of said levy and seizure the owner of said sand and brick, so by the defendant levied and seized." The answer

omitted to state the amount of the execution. When the case was called for trial, the plaintiff failing by his non-appearance to prosecute his suit, the court at the instance of the defendant proceeded to assess the value of the property taken and the damages sustained by the defendant, and gave judgment for the defendant for the return of the property, or for its assessed value, viz., $225, at the defendant's option, and for the damages and costs; and the plaintiff has brought the case to this court by writ of error.

The plaintiff's counsel contends that the answer in the case was insufficient to justify the court in rendering a judgment for the defendant for any sum whatever, much less for the whole value of the property taken, and calls the attention of this court to several of the supposed defects in the answer. It is enough to say, that in actions of this kind the defendant's right to a judgment for affirmative relief in no-wise depends upon the shape of his answer, but alone (where the plaintiff has possession of the property) upon the plaintiff's failure to prosecute his action with effect. The extent of the relief depends upon considerations which will be noticed hereafter. The statute provides that "If the plaintiff fails to prosecute his action with effect and without delay, and have the property in possession, the court or a jury shall assess the value of the property taken," and damages and judgment shall be given against the plaintiff and his securities for the return of the property, or its assessed value, with damages and costs. (R. C. 1855, p. 1245.)

If a plaintiff, having got possession of property by means of his suit, should, before answer filed, voluntarily dismiss his suit, can there be any doubt that the defendant would in such case be entitled to have an assessment, and judgment for the property taken, or its value?

But upon the supposition that the defendant was entitled to a judgment for any sum, it is insisted by the counsel for the plaintiff, that, inasmuch as it appears upon the face of the record that the defendant had only a special interest in the property to the extent of the execution levied on it, the

court in giving judgment was limited by law to the value of that special interest, and in support of the proposition relies on Dilworth v. McKelvy, 30 Mo. 149.

Dilworth v. McKelvy is a well considered case, and, instead of overturning, sustains the judgment in the case under consideration. That was the case of the acknowledged owner of the property suing the defendant, who was in possession claiming a lien for certain salvage services amounting to about one-fourth of the value of the property. The owner sued and got possession, but failed on the trial. Thereupon the value of the property taken was assessed and judgment was given for the defendant for the recovery of the property, or its full assessed value. This, the court held was wrong, and decided that the court or jury ought to have assessed the value only of the defendant's interest in the property. In the case at bar there is no just pretence, so far as the record shows, for saying the plaintiff had any interest whatever in the property. True, in his petition he asserts his ownership, but any advantage that may be supposed to have been gained by his claim of title, is lost by his failure to maintain his suit. Looking into the answer, it is seen it wholly denies the plaintiff's right; and while it claims only a special interest in the defendant, yet it in express terms declares the general ownership to be in Farry, the execution debtor: upon the whole record, then, it appears that the plaintiff is a stranger to the title; that the defendant has a special interest, and that Farry is the general owner.

Judge Napton, in delivering the opinion of the court in Dilworth v. McKelvy, says: " Where the defendant has only a special interest and the plaintiff is a stranger, then the entire value, according to the ancient doctrine of the common law, may be recovered by the special owner, who is answerable over to the general owner for whatever interest remains after the special claim is satisfied."

Let the judgment be affirmed. The other judges concur.