[No. 26a.   January 17, 1867.]

*ELSBERG & AMBERG, Plaintiffs in Error, v. ADMIN-
ISTRATORS OF AUGUSTIN MAURIN, Defend-
ants in Error.

Replevin—No plea Filed—Failure of Plaintiff to Prosecute.—In
replevin, where the defendant files no plea, there is no issue, and a
trial can not be had, though plaintiff fails to appear. The statute
directing how judgment shall be entered in such cases is impera-
tive and must be followed. Comp. Laws, secs. 6, 7, p. 244.

*Error*, from a judgment for defendants, to the Third Judicial
District Court, Dona Ana County.  Reversed and re-
manded.

The facts are stated in the opinion of the court.

. SLOUGH,  C. J.—This cause is brought from the Third
judicial district court, Dona Ana county.    The ap-
pellants, plaintiffs in the court below, brought an action in
replevin for the recovery of a portable grist mill, valued at
$500.   Maurin, the original defendant, having died, Frietze
and Jennerette, his administrators, were subsequently sub-
stituted.   The record shows no plea to the declaration.  At
the June term, 1866, of the Dona Ana court, the following
action was had and entry in the record of that court made:
"Elsberg & Amberg v. Daniel Frietz & Jules Jennerette,
administrators of estate of Augustin Maurin.

"Replevin.   And now comes the defendants, by their
attorney, Theo. D. Wheaton, Esq., and the plaintiffs, though
three times solemnly called at the door of the courthouse, came
not, and failed to prosecute said suit; and, a jury being re-
quired to assess the value of the property and the damages
herein, the following named jurors were tried, sworn, and
impaneled as such jury, to wit [twelve names inserted], who,

*Omitted and received too late to be repoited sooner.—Reporter.

having heard the allegations and proofs in the cause, assessed the damages at fifteen hundred dollars, to wit, 'We, the jury in this cause, find for the defendants, and assess the damages at fifteen hundred dollars.' It is therefore considered and adjudged by the court that the said defendants have and recover of the said plaintiffs the sum of fifteen hundred dollars damages, together with their costs, taxed at ————, and that they have execution therefor." The plaintiffs thereupon sue out their writ of error, and the cause is brought to this court.

It is claimed by the appellants, in substance: First, that the court below erred in granting a trial and entering a judgment in favor of the appellees, in the absence of a plea on their part; and, second, that the verdict entered is not a legal verdict, and the judgment thereon is erroneous in both form and substance, and is therefore not a legal judgment.

The action of replevin is a statutory action in this territory. The statutes point out with great particularity the different steps necessary in the action. Sections 6 and 7 of the chapter of the Code of Civil Procedure and Practice on the subject of "Replevin," to be found on page 244 of the Compiled Laws of New Mexico, are as follows:

"Sec. 6. The defendant may plead that he is not guilty of the premises charged against him, and this plea will put in issue, not only the rightful ownership of the property mentioned in the declaration, but also the wrongful taking and detention thereof.

"Sec. 7. In case the plaintiff fails to prosecute his suit with effect, and without delay, judgment shall be given for the defendant, and shall be entered against the plaintiff and his sureties for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof."

The court is not disposed to argue so plain a proposition as that contained in the idea that there can not be a trial with-

out an issue, or that there can not be an issue without pleadings on the part of parties litigant.

REPLEVIN: no plea filed: failure of plaintiff to prosecute.

Such is the plain rule of law, and the universal practice of all the courts of all enlightened nations from time immemorial. The text-books of the profession of law contain no other principle. Our statutes, in section 6, referred to, in substance, only reiterate the principle. A plea was therefore necessary before a trial could be held in the court below and judgment rendered in this cause. Section 7, of the statutes, referred to, provides for the mode of disposal by the courts of cases in replevin where there is a failure to prosecute on the part of plaintiff. The language of this section directs, imperatively, the manner in which judgments in such cases shall be entered. In this case there appears to be an almost entire failure to comply with the requirements of the law in this respect. It is apparent that the judgment is far short of fulfilling the requirements of this law, and is therefore erroneous. For either of the errors, fatal as both are, it is the duty of this court to reverse the judgment of the court below in this cause, and to remand the same for its further action, which is now unanimously done.