Brannin v. Bremen.

Stanton S. Brannin, Appellant, v. Martin W. Bremen, Appellee.

Replevin. (1) *Dismissal by plaintiff: Defendant's right to verdict and judgment.*

Same. (2) *Informality in verdict not fatal to judgment: Assessment of "damages" instead of "value."*

Writ of Error. (3) *Record, no objections entertained to matters outside.*

Replevin. (4) *Double damages.*

1. The plaintiff in a replevin suit cannot by a discontinuance of the action or by suffering a non-suit, prevent a judgment being rendered against him for damages or for a return of the property. Therefore, where a plaintiff in replevin moved to dismiss the suit at his own costs, and the court ordered the case to be dismissed except to assess the value of the property and the damages and to render judgment for the defendant, it was *held* that such a "dismissal" amounted merely to an abandonment of the case by the plaintiff with the consent of the court, and that it did not affect the defendant's right to a verdict and judgment in his favor, nor deprive the court of jurisdiction of the suit.

2. A party will not be deprived of a recovery merely because of a bare informality in a verdict. Thus, while a verdict by a jury in a replevin suit that they "do assess damages of the property mentioned in the declaration at $825, and the actual damages of the defendant at six per centum per annum to be $24.75," is not well expressed in that the word "damages" is used with reference to the property instead of the word "value," a correct judgment rendered upon it will not be set aside. Such a verdict is not objectionable for non-conformity to the law which requires the "value" of the property to be assessed.

3. Objections to a bond which is not made part of the record, brought up on error, will not be considered.

4. Double damages may be assessed in replevin by a jury, for the detention of the property.

Appeal from the District Court for Grant county, Bristol, J.

This is an action of replevin brought to recover possession of four tons of ore, more or less, to the possession of which plaintiff alleged he was entitled, and that the same was de-

posited at the quartz mill of the defendant. The suit was regularly brought according to the statute, and the writ was executed by taking the ore and delivering the possession of it to the plaintiff.

When the case came on to be heard, plaintiff, by his attorneys, filed a written dismissal of the same at his own costs. The court, therefore, made an order "that the said action be dismissed, except for the purpose of assessing the value of the property mentioned in the declaration and for damages, and for judgment in favor of the defendant, and the jury being required to assess the damages herein, it is ordered that a jury come to inquire thereof." Thereupon a jury came and were sworn to well and truly assess the damages. The jury found a verdict assessing "the damages of the property mentioned in the declaration at $825, and the actual damages of the defendant at six per centum per annum to be $24.75." The court thereupon gave judgment against the plaintiff and the sureties on his replevin bond for the said "sum of $825, the assessed value of the property mentioned in the declaration, and the further sum of $49.50, double damages assessed by the jury aforesaid, for the detention of the same," and it was ordered by the court that if said property was not returned by the plaintiff, and accepted by the defendant, within thirty days, that execution issue for said sums of money, together with costs.

*Conway & Risque,* for appellant.

Appellant insists that when the cause was dismissed by his attorneys, it was no longer in court for any purpose; that the proper judgment to have been rendered against plaintiff was one for costs, and that the defendant's proper remedy was a suit upon the replevin bond.

Appellant further insists that even if the proper course is to give judgment then and there upon the bond, the verdict of the jury in this case was not the proper one; that it was not in accordance with the law. It should have been for the

assessed value of the property, instead of the damages there-
of. No judgment could be rendered on the verdict as found,
and the judgment rendered does not conform to the verdict
found.

The judgment rendered is greater than twice the amount
of the alleged value of the property. The law only required
a bond for that amount, and the legal presumption is that the
officer took the proper statutory bond. The transcript does
not contain any bond at all, or show in any way what the
amount of any bond taken was.

The presumption that the officer took a proper bond is, at
least, equally as strong as any intendment in favor of the
judgment.

Unquestionably the court could not give judgment against
the sureties for an amount greater than the bond. The clerk
certifies that the transcript is a correct transcript of all the
proceedings in the case; it shows no ground whatever upon
which to base a judgment against the sureties. Against any
presumption there may be in favor of the judgment, we have
both the clerk's certificate and the presumption that the offi-
cer serving the writ did his duty properly, and that plaintiff
would not have given a greater bond than the law required.

The dismissal of this case divested the court of any power
to give judgment against plaintiff for anything but costs.
The sixth section of the replevin act provides, that the defen-
dant may plead that he is not guilty of the premises charged
against him, and this plea will put in issue not only the
rightful ownership of the property, but also the wrongful
taking and detention thereof. No such plea was filed, and
no such issue raised in this case, yet defendant gets a judg-
ment for the value of property, the ownership of which he
has never, according to the forms of pleading, claimed.

Our own supreme court has decided that such a judgment
cannot be rendered in the absence of such a plea, the plain-
tiff not prosecuting. See manuscript opinion of court in case

of *Elsburg & Amburg v. Fritze & Generette*, delivered at the January term, 1867: Comp. Laws of New Mexico, page 244, sec. 6.

Discontinuance disposes of the whole of a suit: *Matthias v. Cook*, 31 Ill., 83.

Defendant must elect whether he will take a return of the property or its assessed value, before damages can be assessed: *Wheelock v. Wilkins*, 19 Mich., 78.

When the verdict in an action of replevin is for the defendant, judgment cannot be rendered against the principal and sureties for damages: 10 Iowa, 226; *Beale v. Dale*, 25 Mo., 301.

Double damages against sureties is improper: *Collins v. Hough*, 26 Mo., 149; Comp. Laws of N. M., page 242, sec. 4.

At common law both plaintiff and defendant become "actors." The defendant by becoming avowant. He sets up claim by plea to the property. Writ of inquiry was introduced by statute: 9 Wendell, 149.

The court ought not to permit a dismissal of a suit until the value is assessed; if it does, it follows that value cannot then be assessed, but defendant must have recourse to his bond: 45 Mo., 111.

*S. B. Newcomb*, for appellee.

The first error assigned by appellant is "that after the court allowed the cause to be dismissed, it had no jurisdiction to render a judgment against plaintiff for anything but costs." In the first place it will be perceived that the court did not allow a full dismissal of this cause. It simply allowed the plaintiff to abandon his right or claim to the property in question; this the court could not prevent. It could not command or force the plaintiff to contend for this property against his will, but the court had the right and was bound to protect the rights of the defendants under the statute.

The 6th and 7th sections of our replevin law, Compiled

Laws of New Mexico, page 244, are exact copies of sections of the laws of Missouri passed in 1845. The plaintiff in a replevin suit cannot by a discontinuance of the action, or by suffering a nonsuit, prevent a judgment being rendered against him for damages or for a return of the property." *Smith v. Winston*, 10 Mo., 190–1–2; *Berghoff v. Heekwolf*, 26 Mo., 511; 1 Tidd, 575; 11 Archbold's Q. B. Practice, 6, 1084; *Collins v. Hough*, 26 Mo., 151–2–3.

As to the second error, that the verdict of the jury does not conform to the law. The verdict does substantially comply with the law. It is true the word damages is used when value would be more appropriate, but this is a mere clerical error, it does not vitiate the verdict. The jury say they "assess the damage of the property mentioned in the declaration at $825, and the actual damage of the defendant at six per centum interest per annum to be $25.75." The words "damage of the property" were evidently written by the clerk in the record by mistake, and in any event cannot affect the finding of the jury, as the value of the property is clearly distinguished in their verdict from the actual damage of the defendant. The law nowhere says that the jury shall use the identical word "value" in their verdict; they must assess the value of the property; this they did, and they were at liberty to use any word to express this act; and taking the whole verdict together their meaning is sufficiently apparent and certain.

As the verdict of the jury is substantially correct, the judgment of the court is supported by the verdict of the jury.

The law says that judgment shall be given for the assessed value of the property, not the value the plaintiff may see fit to put upon it when he sues out his writ of replevin. If the latter proposition were the law, a plaintiff could take a $1,000 worth of property from a defendant by valuing it at $100, and the defendant would be without remedy.

Brannin v. Bremen.

The appellant has seen fit to inject into his brief a cause of error other than he has assigned. We contend that the court should not take cognizance of this error.

The appellant contends that because the defendant did not plead as the statute says he may do, therefore no judgment could be rendered against the defendant, and he cites the case of *Elsburg & Amburg v. Fritze et al.*, S. C. N. M., January Term, 1867.

The learned judge who rendered the decision in that case, bases his decision on false premises. He says "there can be no trial without an issue, and no issue without pleadings on the part of the parties litigant." Now there were no parties litigant. The plaintiff had abandoned his case, gave up his claim to the property by his failing to appear and prosecute his suit, therefore no trial could be had. Nothing was to be done but to assess the value of the property and the damages under the statute. If that is to be called a trial then trials can and constantly do take place without an issue and without a plea. When judgment is rendered against a defendant by default or for want of a plea in cases of tort or unliquidated damages, a jury must come to assess the damages, and a trial in this sense is had and the defendant can even appear and cross-examine witnesses.

The supreme court of Missouri say that "in actions of this kind the defendants' right to a judgment for affirmative relief in no wise depends upon the shape of his answer, but alone (where the plaintiff has possession of the property) upon the plaintiffs' failure to prosecute his action with effect." If a plaintiff having got possession of property by means of his suit, should before answer filed, voluntarily dismiss his suit, can there be any doubt that the defendant would in such case be entitled to have an assessment and judgment for the property taken or its value: *Fallon v. Manning*, 35 Mo., 274.

PARKS, Associate Justice: This was an action of re-
plevin brought into this court by writ of error from the
county of. Grant.

The record shows that the plaintiff filed a motion to dis-
miss the suit at his own cost; that the court ordered the case
to be dismissed, except for the purpose of assessing the value
of the property replevied, and for damages and for judgment
in favor of the defendant; that a jury came " to assess the
value of the said property and the damages sustained by the
defendant;" that the jury say in their verdict, that they " do
assess the damages of the property mentioned in the declara-
tion at eight hundred and twenty-five dollars, and the actual
damages of the defendant at six per centum per annum, to
be twenty-four and $\frac{75}{100}$ dollars," and that the court gave judg-
ment against plaintiff, and the sureties on his replevin bond
for " the said sum of eight hundred and twenty-five dollars,
the assessed value of the property mentioned in the declara-
tion, and the further sum of forty-nine $\frac{50}{100}$ dollars, double
damages assessed by the jury as aforesaid for the detention
of the same."

The first error assigned is, " that after the court allowed
said cause to be dismissed, it had no jurisdiction to render a
judgment against plaintiff for anything but costs, but it
ordered a jury to come and inquire of plaintiff's damages
and gave a judgment therefor."

The supreme court of Missouri in construing their statute
on replevin, from which ours was copied, say, " the plaintiff
in a replevin suit cannot by a discontinuance of the action or
by suffering a nonsuit prevent a judgment being rendered
against him for damages or for a return of the property."

We approve this construction of the statute and adopt it as
the law of this case. The dismissal of the suit as described
in the record, amounts to just this : that the plaintiff aban-
doned his case and the court consented to that abandonment.
It is not material in what form of words these facts are set

forth, nor does this (so called) dismissal affect the defendant's right to the verdict and judgment in his favor. So far as his rights were concerned, the court had no .power under the statute to dismiss the suit, and in fact it did not do so. The intention of the law was carried out by the court, and there is no material error in the manner in which it was done if indeed there is any error at all.

In fact the greater part of the record which sets forth the dismissal of the case might perhaps be regarded as surplusage under our statute, as it amounts to nothing beyond showing that the plaintiff had abandoned his suit as already stated.

The second error assigned is that "the verdict of the jury does not conform to the law in that it finds the damages of the property instead of its assessed value," and the third error is substantially the same as the second. The verdict is certainly not well expressed, but the jury are not required by the statute to use any particular form or words. It would have been better if they had used the word value, or some equivalent word instead of the word damages. But the meaning of the jury is plain. It was certainly understood at the time it was given, to be substantially right and sufficiently clear, as the court rendered a correct judgment upon it. The use of the word damages complained of, may be a mere clerical error. The rule adopted by some of the courts, that "when on the whole record, we see that injustice has not been done a defendant, it would be going too far to deprive a plaintiff of a recovery upon no better grounds than the bare informality of a verdict" is correct, and is in principle applicable to this case.

The fourth error assigned grows out of the replevin bond, but as the bond has not been before us in any form, we cannot very well consider this objection. In fact it seemed to be abandoned in the argument before this court.

The double damages complained of seem to be expressly

authorized by our statute.    See Compiled Laws of New Mexico, p. 244, sec. 7.

Upon this whole record we see no ground of reversal, and the judgment of the district court must be sustained.

Judgment below affirmed.