(No. 1563, April 28, 1914)

PETER ROTH, Appellant, vs. TRANQUILINO YARA, Appellee.

SYLLABUS BY THE COURT.

1  In replevin actions a defendant may not only recover the property and damages for the unjust caption or detention thereof, but shall have judgment, if plaintiff fails to prosecute his suit with effect, for the value of the property taken, and double damages for the use of the same from the time of delivery, with the option of taking back the property, or recovering the assessed value thereof.

P. 11

2  Evidence examined. Held: That there is no substantial evidence to support the verdict for damages.

P. 12

Appeal from the District Court, San Miguel County. David J. Leahy, Presiding Judge. Reversed and Remanded.

HUNKER & HUNKER, for Appellants.

Speculative Damages. 34 Cyc. 1566, Sec. 8; 59 S. E. 1044; 32 N. E. 834; 29 Am. Rep. 562; 48 Ill. App. 26; 73 N. C. 440; 55 S. E. 422; 27 N. W. 566; 55 S. E. 422; 14 N. M. 39; 24 N. W. 344.

Duty of the Court. 28 Cyc. 1691, Sec. B; Iowa 22 270-274.

Cause Should Be Reversed. 59 Atlantic 1023; 27 Atlantic 191.

Jury Erred in Finding Verdict 18 S. W. 790; 22 Atlantic 174; 22 S. W. 690; 73 N. W. 341.

O A. LARRÁZOLO, Attorney for Appellee.

Appellant Guilty of Tort. 1 Jaggard on Torts, pp. 2, 81; 8 Am. & Eng. Ency. L. 2nd Ed. pp. 614, 615, 625.

Damages to Be Fixed By Jury. 110 Cal. 513; 55 an. 667; 15 New Bruns. 515; 8 Am. & Eng. Ency. L. 2nd Ed. p. 629; 98 Iowa 483; 69 Fed. Rep. 185; 68 Fed. Rep. 825; 52 Fed. Rep. 87; 72 Fed. Rep. 488; 114 Ala. 152; 110 Cal. 513; 84 Ga. 211; 120 Ill. 83; 40 S. W. 989; 123 Ind. 334; 98 Iowa 483; 55 Kan. 667; 38 S. W. 686; 42 La. Ann. 997; 62 Minn. 71; 102 Me. 669; 12 N. Y. App. Div. 556; 20 Misc. Rep. (N. Y. Sup. Ct.) 343; 13 Ohio Cir. Ct. Rep. 411; 3 Okla. 288; 41 S. W. 583; 78 Tex. 397; 6 Utah 357; 94 Va. 285; 16 Wash. 319; 65 Wis. 409; Jaggard on Torts, p. 400.

Reversal of Judgment for Damages. 10 Ir. R. C. L. 160.

Verdict Not Warranted By Pleadings. 73 Ind. 95; 46 Ind. 503-45 N. E. 696; 105 Ind. 151-5 N. E. 187; 101 N. C. 122-7 S. E. 674; 114 Ga. 558-40 S. E. 800; 1 Ind. Terr. 585-43 S. W. 856; 80 Ky. 166; 14 Conn. 272; 24 L. R. A., p. 1.

Failure of Court to Instruct Jury. 13 N. M. 241; 15 N. M. 490.

Verdict Contrary to Evidence. 15 N. M. 323; 13 N. M. 362; 2 N. M. 29; 5 N M. 148; 7 N. M. 26; 11 N. M. 211; 11 N. M. 533; 11 N. M. 355.


STATEMENT OF FACTS.

On September 5th, 1912, appellant herein, Peter Roth, filed in the justice of the peace court in and for precinct No 29, in San Miguel County, State of New Mexico, his affidavit in replevin, setting up that he had good right to the possession of one sorrel stallion, five years old; that the same was wrongfully detained by one John Doe, and on the same day the justice of the peace issued a writ of replevin in said cause to the sheriff or any constable of said county, commanding him without delay to cause to be replevied unto the said Peter Roth the said property,

which said John Doe had wrongfully detained from said Peter Roth. And that under and by virtue of said writ said horse was replevied and possession given to the said Peter Roth; that on the 12th day of September, 1912, in the said court of the justice of the peace, Tranquilino Yara, the appellee herein, appeared with his attorney and entered his appearance in said cause as the defendant, John Doe, and agreed that said cause be tried then and there upon its merits, which trial resulted in favor of the said Peter Roth; that said Tranquilino Yara thereupon appealed the cause to the District Court of San Miguel county, where the matter came on for trial on November 19, 1912, before a jury, which returned a verdict finding the issues in favor of Tranquilino Yara, and further finding that the actual damage sustained by said Yara was $95.00. Whereupon judgment in said cause in favor of appellee herein, awarding him possession of the horse in question, together with double damages, under the statute, in the sum of $190.00, from which judgment appellant brings this cause for review to this court.

## OPINION OF THE COURT.

HANNA, J.—Numerous assignments of error were made by appellant, but the first to be argued before this court is upon the contention that the verdict for damages is not sustained by the evidence, and is contrary to the evidence. It appears from the record that the appellant gained possession of the horse on or about the 5th day of September, 1912, and had possession of the same for a period of two and one-half months. And by appellee it is contended that the record discloses that the horse in question was a stallion and used for no other purpose than that of breeding mares. The only evidence introduced on the subject of damages is to be found in the testimony of appellee, Yara, to the effect that he had been damaged in the sum of $100, and that he arrived at this conclusion because the horse failed him at the time he most needed him to serve some mares, and further to the effect that he valued colts of the horse at the time of birth at $15.00, and charged for services of the stallion to others at the

rate of $15 for one mare, and $25 for two. It is contended by appellant that there was no evidence to show that the horse in question was in condition to be used for breeding purposes during the two and one-half months appellant had possession of it; and by appellee in response to this contention, it is urged that the best evidence of that fact was the horse itself, which the jury and court viewed at the time of trial.

It does not appear from an examination of the record, that there was any evidence that the appellee lost any opportunity which he may have had for the service of the horse, except such as might be implied from his statement that the horse failed him at the time when he most needed him to serve some mares.

The question of damages being entirely dependent upon statutory provision upon the subject, it is necessary to consider our statutory law upon the subject of damages, applicable to this case. By Sub-section 228 of Chapter 107, S. L. 1907, it is provided that:

"Any person having a right to the immediate possession of any goods or chattels, wrongfully taken or wrongfully detained, may bring an action of replevin for the recovery thereof and for damages sustained by reason of the unjust caption or detention thereof."

And by Sub-section 239, it is further provided:

"In case the plaintiff fails to prosecute his suit with effect and without delay, judgment shall be given for the defendant and shall be entered against the plaintiff and his securities for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof."

It is thus to be observed that in replevin actions a defendant may not only recover the property and damages for the unjust caption or detention thereof, but shall have judgment, if plaintiff fails to prosecute his suit with effect, for the value of the property taken, and double damages for the use of the same from the time of delivery, with the option of taking back the property, or recovering the assessed value thereof.

Roth v. Yara, 19 N. M. 8.

The rule upon the matter of certainty as to damages is that damages which are uncertain, contingent or speculative, are not recoverable, and in this connection it is well said that damages may be speculative or uncertain in several respects. In the first place, it may be a matter of uncertainty whether the party claiming damages has in a legal sense been damaged at all. In the next place, though damages from some cause may be shown, it may be uncertain whether in the particular case they resulted from the defendant's acts; or again, the damages may be wholly uncertain in measure or extent. 8 Am. & Eng. Ency. (2nd Ed.) 608-610.

It would seem clear that while appellee might properly recover damages for loss of the use of the animal in question, it would nevertheless be incumbent upon him to prove with definiteness and certainty the damages actually suffered by him. It does not appear from the record in this case that he could have used the animal in question at any time, had the animal been in his possession, and his testimony upon the subject reduces the element of damages in this case to one of speculation and uncertainty, in our opinion.

We therefore conclude that this assignment of error is well taken. The character of damages sought in this particular case is such that the matter should not have been left to the jury unless specific instances or occasions were pointed out when the appellee might have used the horse for the limited purposes which it is shown the horse was accustomed to be used for, and no such instance having been pointed out, it became purely a conclusion on the part of the appellee that he had been damaged in a lump sum, to-wit, the sum of $100, without other evidence to support the conclusion, and no attempt on the part of the witness himself to support the conclusion or statement was made.

The conclusion we have reached makes it unnecessary for us to dispose of the other assignments of errors in this case, and for the reasons stated, the judgment of the district court is reversed and a new trial granted.