[No. 2188, Aug. 10, 1918.]
## ENFIELD et al. v. STEWART.

, SYLLABUS BY THE COURT.

1. The plaintiff in a replevin suit cannot, by a discontinuance of the action or by suffering a nonsuit, prevent a judgment being rendered against him for damages or for a return of the property.     P. 475

2. Where defendant has only a special interest and the plaintiff is a stranger to the title, then the entire value, according to the ancient doctrine of common law, may be recovered by the special owner, who is answerable over to the general owner for whatever interest remains after the special claim is satisfied.     .     P. 478

3. A chattel mortgage, as between the mortgagor and mortgagee, does not convey the legal title to the mortgagee, but is a mere lien.     P. 479

· Appeal fom District Court, Eddy County; McClure, Judge.

ı Replevin by Lila M. Enfield and others against M. C. Stewart. Defendant's motion for judgment granted, motion to set aside the judgment overruled, and plaintiffs appeal. Affirmed.

J. B. ATKESON, of Artesia, for appellants.

G. W. McCRARY, of Artesia, for appellee.

STATEMENT OF FACTS.

The appellant, plaintiff below, brought this action in replevin on the 16th day of June, 1914, in the district court of Eddy county, N. M., to recover possession of one Overland automobile, model 71F, No. 593, against defendant, M. C. Stewart, sheriff of Eddy county, N. M. She recovered possession of the automobile, giving a bond in the sum of $2,000 and alleging the value of the car to be $1,000. She claimed the automobile by virtue of a chattel mortgage, dated January 8, 1914, and made by C. Gertrude Enfield and John B. Enfield, and alleged in her complaint that the said automobile had been levied on by the defendant under an execution issued out of the district court in the case of State National Bank v. John B. Enfield. She further alleged that the mortgage had never been satisfied, and was yet in full force and effect, and that by reason thereof she was entitled to the possession, and set up the further fact that she had been damaged by reason of her suit, $100 attorney fees.

The defendant, on the 15th day of September, 1914, filed a demurrer, raising but the one question, that attorney's fees were not recoverable in suits of this character, which demurrer was never disposed of. On the 6th day of September, 1916, the plaintiff's attorney made a motion in open court to dismiss the case, and an order was duly entered dismissing the same. On the 29th day of May, 1917, attorney for defendant filed a motion to reinstate the case on the ground that it had been improperly dismissed, which motion was served upon the attorneys of record for the plaintiff, Osborn & Robinson, who waived the five days' notice of taking up the motion, and also waived "our further appearance as counsel in said cause." On the same day an order was entered, granting the motion to reinstate, and, without

filing an answer in the case, the defendant immediately moved for judgment in the sum of $1,000, on the ground that the automobile in question had been removed from the jurisdiction of the court, and that defendant therefore elected to accept a money judgment in lieu of the property replevied in the case. A motion for judgment was granted, and judgment entered on the 29th day of May, 1917.

On August 6th, 1917, plaintiff appeared by new counsel, J. B. Atkeson, and moved to set aside the judgment on the following grounds: First, that the entry of judgment was without due process of law; second, that the decree against the sureties was erroneous because the case was dismissed on September 6, 1916, without notice to the sureties, and was subsequently reinstated and put to judgment; third, that the decree was erroneous because at the time it was rendered there was undisposed of a demurrer pending against paragraph 11 of the complaint, and that the defendant had never filed an answer in said cause to the merits of the case, wherefore there was no issue joined; fourth, that at the time the final decree was rendered the attorneys for plaintiff had withdrawn from the case, and neither the plaintiff nor sureties had the notice thereof required by law; fifth, that the decere was erroneous because it recites that attorneys for plaintiff appeared in open court in face of the fact that it appears that these attorneys had withdrawn from the case; sixth, that the decree was erroneous because it was based upon defendant's motion for judgment on the pleadings, when the defendant had a demurrer pending in said cause and had no answer filed thereto. Other grounds not necessary to be referred to are set out.

The motion to set aside the judgment was overruled. A subsequent motion to set aside the judgment was interposed and overruled, which we do not deem necessary to more particularly refer to.

From the final judgment or decree and subsequent orders overruling the motion to set aside the judgment this appeal was taken.

OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). A motion by appellee to dismiss the appeal and affirm the judgment has been filed in this court, but is not supported by brief. We therefore prefer to consider the case on its merits, and will take up the assignments of error in the order discussed in appellant's brief.

[1] The first and most important assignment of error is that the court erred in rendering judgment for the reason that the defendant had not filed an answer or raised an issue in the case, nor in any manner made claim to the property in controversy, or for the possession thereof, nor in any way claimed said property or damages. A general proposition that a judgment rendered without an issue is a nullity, and the defendant, not having filed an answer in the case, raised no issue, is cited in support of this assignment of error, appellant relying on 11 Enc. of P. & P. 864, and numerous other authorities in support of her contention. It is argued that, the defendant not having filed an answer in the case claiming the automobile or possession thereof, the court could not decree that the defendant have judgment for $1,000, not knowing whether it was the automobile or possession thereof to which the defendant was entitled, if anything. By appellee, it is contended that by the attempted dismissal of the action by counsel for plaintiff that the plaintiff abandoned her action, and that her failure to prosecute the same with effect and without delay was equivalent to pleading to the complaint, and that no answer was necessary to be filed by defendant to entitle him to the judgment rendered. Appellee cites in support of his contention the case of Brannin v. Bremen, 2 N. M. 40, in which case the territorial Supreme Court held:

"The plaintiff in a replevin suit cannot, by a discontinuance of the action or by suffering a nonsuit, prevent a judgment being rendered against him for damages or for a return of the property. Therefore, where a plaintiff in replevin moved to dismiss the suit at his own costs, and the court ordered the case to be dismissed except to assess the value of the property and the damages and to render judgment for the defendant, it was held that such a 'dismissal' amounted merely to an abandonment of the case by the plaintiff with the consent of the court, and that it did not affect the defendant's right to a verdict and judgment in his favor, nor deprive the court of jurisdiction of the suit."

It was apparently urged in the case referred to that, under the authority of Elsberg & Amberg v. Fritze et al., 9 N. M. 645, 43 Pac. 690, which was an early case decided at the January term, 1867, of the territorial Supreme Court, because the defendant did not plead as the statute says he may do, therefore no judgment could be rendered against the plaintiff. That case did hold that where the defendant files no plea there is no issue, and a trial cannot be had, although plaintiff fails to appear. The case of Brannin v. Bremen, supra, apparently overruled the case of Elsberg v. Fritze, and followed the rule laid down by the Supreme Court of Missouri in the case of Fallon v. Manning, 35 Mo. 274, that:

"The defendant's right to a judgment for affirmative relief in no wise depends upon the shape of his answer, but alone, where the plaintiff has possession of the property upon the plaintiff's failure to prosecute his action with effect."

The Supreme Court of Missouri in the case referred to said:

"If a plaintiff, having got possession of property by means of his suit, should, before answer filed, voluntarily dismiss his suit, can there be any doubt that the defendant would in such case be entitled to have an assessment and judgment for the property taken or its value?"

By appellant it is argued that by section 4349, Code 1915, which was adopted after the Brannin v. Bremen

Case, reported in 2 N. M. 40, and after the case of Elsberg v. Fritze, 9 N. M. 645, 43 Pac. 690, the defendant is required to plead to the complaint in replevin actions, as required by sections 4106 and 4110 of the Code. In this contention, however, we cannot agree with appellant. It is our opinion that the defendant by his demurrer had pleaded so far as he was required to plead, and even though it was his duty to call up the demurrer for final disposition before further steps could be taken in the case, nevertheless the plaintiff cannot, by an abandonment of the action, as is indicated by the attempted dismissal in the trial court of the suit, bar the defendant's rights to a judgment for affirmative relief, and to require an answer after an abandonment of the action would be to call for a useless or idle thing on the part of the defendant. The judgment in the case was evidently rendered under section 4350, Code 1915, providing that where the plaintiff fails to prosecute his suit with effect and without delay judgment shall be given for the defendant, and shall be entered against the plaintiff and his securities for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof. In Lamy v. Remuson, 2 N. M. 245, it was held that where plaintiff by dismissal abandons his suit in replevin, the court may assess the damages and the value of the property without a jury.

Considerable is said in appellant's brief concerning the alleged withdrawal from the case of the counsel for plaintiff. Just what occurred in this transaction is not made clear by the record, although one of the counsel for plaintiff was put upon the stand and questioned as to what he intended by his so-called ''waiver'' of further appearance in the case. It is argued that under section 360, Code 1915, it was the duty of the defendant to notify plaintiff of this withdrawal. The tiral court evidently found in this connection that there had not been a withdrawal of the appearance of counsel within the

purview of section 360 of the Code, and we see no reason
to depart from the conclusion arrived at by the trial
court.

In our view of the matter there is but one question
in the case; that raised by appellant's point that a judg-
ment rendered without issue is a nullity, and that the
defendant not having filed an answer in the case raised
no issue. In this connection it must be borne in mind
that by the complaint filed in the case the value of the
automobile in question was set up as $1,000; that the
defendant elected in his motion for jugdment to demand
a money judgment in lieu of the return of the property
replevied. It was contended that the motion for judg-
ment did not authorize a judgment without a statement
and proof of facts authorizing the judgment. In this
contention appellants overlook that by their complaint
they admitted that the defendant had levied upon the
car in question and was about to sell the car to satisfy
the judgment under which the levy had been made.
Plaintiff had recovered the possession of the car from
the defendant, the sheriff, who had possession of it un-
der the execution referred to, and plaintiff was under
the duty and necessity of prosecuting her case with ef-
fect and without delay. This she failed to do, and at-
tempted through counsel to dismiss the case after a long
interval of time.

[2]    The only question that might be urged in this
connection is that the interest of the defendant, the sher-
iff, in question was a special interest and was not proven.
This question has been disposed of in the case of Dil-
worth v. McKelvy, 30 Mo. 149, which is cited in the
case of Fallon v. Manning, supra. The Supreme Court
of Missouri in the Dilworth Case said:

"Where the defendant has only a special interest, and
the plaintiff is a stranger, then the entire value, according
to the ancient doctrine of the common law, may be re-
covered by the special owner, who is answerable over to
the general owner for whatever interest remains after the
special claim is satisfied."

We think this is a correct statement of the law, and adopt it as controlling in this case.

[**3**]    Our conclusion in this respect is undoubtedly correct, unless it can be urged that the plaintiff in the trial court was not a stranger to the title in that she was a mortgagee. In this connection we believe it is pertinent to say that the action is a possessory one and plaintiff's right to maintain the same would undoubtedly depend on her right to possession, which she did not assert in the absence of a showing of a breach of the conditions of the mortgage entitling her to enter into possession. The record in this case does not disclose that she has asserted any such right, and we think for the purposes of this case, so far as the record discloses, she is a stranger to the title in the sense in which it is used in the Missouri case. We are not unmindful either of the fact that a chattel mortgage has been generally held to be a transfer of title of personal property as security for the payment of money or performance of some other act or condition. 6 Cyc. 985. The right of possession as between the parties, in the case of chattel mortgages, is fully discussed in Jones on Chattel Mortgages (5th Ed.) § 426 et seq. As pointed out by that author, New Mexico has provided by statute that:

"In the absence of stipulation to the contrary a mortgagor of real or personal property shall have the right of possession thereof."

Judge Pope, in a concurring opinion in the case of Stearns-Roger Mfg. Co. et al. v. Aztec G. M. & M. Co., 14 N. M. 300, 93 Pac. 706, construing the statute referred to, which appears as section 571, Code 1915, pointed out that a mortgage passes no legal estate, but is a mere lien. This rule has been followed in New Mexico as to real estate mortgages. It is a construction of the statute referred to covering both real and personal property mortgages, and we see no reason why the rule should not be extended to chattel mortgages. We therefore conclude that a chattel mortgage as between the

mortgagor and mortgagee does not convey the legal title to the mortgagee but is a mere lien.

We deem it unnecessary to further consider the assignments of error, and for the reasons stated the judgment of the trial court is affirmed, and it is so ordered.

PARKER and ROBERTS, J.J., concur.