[No. 3132, Feb. 17, 1927]

COCHRANE v. STEVENSON

[255 Pac. 404]

### SYLLABUS BY THE COURT

Under the provisions of section 4350, Code 1915, in case a plaintiff in replevin fails to prosecute his action with effect, the defendant may, at his election, have judgment for the assessed value of the property against the plaintiff and the sureties on his replevin bond.

Appeal from District Court, Dona Ana County; Ed Mechem, Judge.

Replevin by J. J. Cochrane against Sam Stevenson. Judgment for defendant, but an award requiring return of the chattels, or judgment for assessed value thereof, was refused, and defendant appeals. Reversed and remanded, with directions.

Medler & Whatley, of El Paso, for appellant.

Posey & Threet, of Las Cruces, for appellee.

### OPINION OF THE COURT

PARKER, C. J. This is an action in replevin, in which the district court found that the plaintiff was not entitled to the possession of the chattels at the time of the suing out of the writ. The court, refused, however, to either award the return of the chattels, or

---

[1] 34 Cyc p. 1539 n. 36 New.

to render judgment for the assessed value thereof. The defendant, appellee here, had filed an answer, in which he elected to take the value of the property replevined in case the plaintiff failed to maintain his action. In this the court was in error. The statute (section 4350, Code 1915) provides that, in case the plaintiff fails to prosecute his action with effect, judgment shall be rendered against the plaintiff and his securities for the value of the property taken, and that it shall be at the option of the defendant to take back such property, or the assessed value thereof. See, in this connection, Roth v. Yara, 19 N. M. 8, 140 P. 1071.

It follows that the judgment should be reversed, and the cause remanded, with directions to enter a judgment against the plaintiff and the sureties on his replevin bond for the assessed value of the property taken, in addition to the judgment heretofore rendered for damages in favor of the defendant for the unlawful taking and detention of the property, and it is so ordered.

BICKLEY and WATSON, JJ., concur.