[No. 3480.   Feb. 24, 1931.]

REED v. SIBLEY.

[296 Pac. 272.]

Walton & Wiley, of Silver City, for appellant.

A. W. Marshall, of Deming, and Geo. W. Hay, of Silver City, for appellee.

OPINION OF THE COURT

SADLER, J.

This is a suit in replevin, instituted by appellant to recover the possession of twenty-three head of cattle. The complaint is in usual form. The cattle were taken from appellee under the writ and delivered into the possession of appellant.

The appellee's answer was in two parts. The first part consisted of either specific or general denials of all of the allegations of the complaint, except as to the value of the cattle, as alleged in the complaint, which was admitted. The prayer to this portion of the answer was for return of the cattle and for costs.

The remaining portions of the answer were designated "further answer and separate action," and, in substance, amounted to a waiver of appellee's claim of title or right to return of the cattle. It alleged a balance due on the purchase price of said cattle in the sum of $525, and prayed judgment for a sum which included this amount. The appellant's reply joined issue with appellee on the matters set up in the further answer and separate action, including the balance of purchase price claimed.

The cause was tried to a jury, under instructions submitted by the court. The court gave the jury two forms

of verdict, one finding the issues for the plaintiff and assessing his damages at a sum to be fixed by the jury, and the other finding the issues for the defendant and likewise assessing his damages at a sum to be fixed by the jury. The jury returned into court the following verdict, to-wit:

"We, the Jury, find the issues for the defendant, and against the plaintiff, and assess the defendant's damages at five hundred and twenty-five dollars ($525.00). We understand that by this verdict, we are awarding the defendant, H. D. Sibley, the balance of purchase price due on the cattle, five hundred and twenty-five dollars ($525.00), and no more."

Thereupon, and on the day following the return of said verdict by the jury, the court entered a final judgment in favor of the appellee against the appellant, being a money judgment for the sum of $525, the amount specified in the verdict, plus costs.

The appellant has prosecuted an appeal from the judgment rendered against him, and relies upon three points for reversal, to-wit:

(1) That the judgment is not supported by the verdict.

(2) That the judgment is contrary to the verdict.

(3) That the trial court erred in refusing to instruct when title and/or the right to possession of personal property passes from a vendor to a vendee.

The appellant complains of the court's action in the giving and refusal of instructions. The basis of his objections in this regard is that the jury was not adequately instructed on questions of title, right of possession, and other matters pertinent only to the issues raised by the complaint in replevin and the answer thereto. He must find justification for his contention in the belief that, had the jury been properly instructed, it would have resolved the replevin issues in his favor.

The jury's verdict, however, as we view it, presupposes title and right of possession to the cattle in question in appellant, for it awards appellee the balance of purchase price due on the cattle. So interpreting the verdict, we fail

to see how appellant was injured, except possibly by permitting, without objection, the pleading of inconsistent defenses to his complaint in replevin. This is a matter which will be discussed in succeeding paragraphs of this opinion. The error, if any, in the court's ruling on instructions, was harmless.

■ It is next urged that the judgment is not supported by the verdict, and that the judgment is contrary to the verdict. These two points relied upon for reversal really resolve themselves into one. If the suit in question be considered strictly and solely as a replevin suit, unquestionably there is merit in appellant's contention.

But we are unable to view the case strictly as a replevin suit. Such it was as instituted, and such it remains, if we consider only the issues raised by the complaint and that portion of appellee's plea formally answering the same, eliminating from consideration the issues made by appellee's further answer and separate action, and appellant's reply thereto. This court is entitled, however, to view the case as did the parties and the lower court at the trial.

While it was somewhat anomalous and irregular to have appellant's suit in replevin against appellee converted into a suit by appellee against appellant for the recovery of the unpaid purchase price of the very property sought to be replevined, nevertheless that is actually what happened in this case. And it has happened not only without objection on the part of appellant, but he in fact has participated in the departure by joining issue with appellee on the matters pleaded in the latter's further answer as a basis for the affirmative relief sought.

The appellant's complaint, and that portion of appellee's answer responsive thereto, present a perfect suit in replevin. The appellee's so-called "further answer and separate action," and appellant's reply thereto, while presenting some issues not germane to this discussion, which are eliminated from consideration by the jury's verdict, present a perfect case of suit by appellee against appellant to recover the unpaid purchase price on the same cattle which are the subject-matter of the replevin.

It is obvious that the portion of appellee's answer seeking affirmatively a recovery for the unpaid purchase price on said cattle is wholly inconsistent with the portion of said answer, taking issue with appellant on the question of title or right to possession, and praying a return of the cattle. 9 R. C. L. 970. The one position affirms title and right of possession in appellant, and asks judgment for the balance owing on the property; the other disputes these matters of title and right to possession, and asks the return of the property.

The appellant's right in the premises was clear. The answer, having presented inconsistent defenses, the appellant's remedy was by a motion to strike or a motion to elect. McVeigh v. Veig, 16 N. M. 453, 117 P. 857. And no such motion having been made, the objection was waived. Current v. Citizens' Bank, 16 N. M. 642, 120 P. 307.

Having thus acquiesced, through failure to move, in a situation which resulted in the submission of the cause to the jury on inconsistent defenses, the appellant is in no position to complain because the jury returned its verdict on the issues raised by the appellee's affirmative defense or cross-action, rather than upon the issues in the replevin suit proper. A verdict for the appellee for the balance of the purchase price of the cattle negatived the right in appellee to a favorable verdict on the replevin issues. It is unquestionably those issues which appellant would desire to have determined on a retrial.

There can be no doubt but that the jury's verdict in favor of the defendant (appellee) related to the issues raised by his separate action. The jury added to the form submitted by the court the following, to-wit:

"We understand that by this verdict, we are awarding the defendant, H. D. Sibley, the balance of purchase price due on the cattle, five hundred and twenty-five dollars ($525.00) and no more."

While this portion of the verdict might be disregarded as surplusage, it may also be looked to for identifying the issues which, in the formal portion of the verdict submitted by the court, have been determined in favor of the defendant. Thus viewed, it is apparent that the jury

found the appellant indebted to the appellee for the balance of the purchase price due on said cattle, which finding presupposes, under the proofs in this case, title and right to possession in appellant. "When on the whole record, we see that injustice has not been done a defendant, it would be going too far to deprive a plaintiff of a recovery upon no better grounds than the bare informality of a verdict." This language of the Territorial Supreme Court in Brannin v. Bremen, 2 N. M. 40, 47, with a transposition of the parties, may well be repeated with reference to the rights of the parties in this case.

The case was submitted to the jury generally; no request for special findings having been made. And it is worthy of note that no objection was made in the court below to the form of verdict returned, nor request made for any correction of same prior to the jury's discharge. The only purpose or occasion for a retrial of this cause, as heretofore stated, would be to have determined by positive verdict the replevin issues as between the parties. These issues in the very nature of the jury's verdict already are determined in appellant's favor. The fact that the negative character of such determination entitles his adversary, the appellee, to judgment against him on the jury's positive verdict awarding an unpaid portion of the purchase price, results from appellant having joined issue with appellee on the latter's claim therefor, set up in the so-called further answer and separate action.

The appellant suggests that, under the judgment in question, the appellee has the option of taking the money or retaking the cattle. Under the view we take of the case, the appellee has no such election. Section 105—1711, N. M. Statutes Annotated 1929, does not apply to the situation here disclosed.

We do not feel that the record in this case calls for a reversal. We therefore affirm the judgment of the lower court, and remand the cause, and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and HUDSPETH, JJ., did not participate.