154 P.2d 235

## DOWNING BROS. v. MITCHELL.
### No. 4859.

Supreme Court of New Mexico.
Nov. 30, 1944.

Frazier & Quantius, of Roswell, for appellant.

G. L. Reese, Sr., of Roswell, for appellee.

SADLER, Chief Justice.

The defendant (appellant) complains of a judgment in a replevin action entered below on a jury verdict finding the issues generally in his favor. The property which was the subject of the replevin action consisted of seventeen (17) cows bearing specified brands and three (3) unbranded calves. The defendant had contracted to purchase this livestock from the plaintiffs and had deposited with them one hundred dollars ($100) earnest money. At the trial, the defendant tendered into court the balance of the purchase money calculated in accordance with the terms of the contract as related by him. The plaintiffs likewise tendered into court the earnest money in the sum of one hundred ($100) dollars theretofore paid them by defendant.

Paragraphs 1 to 5, inclusive, of the trial court's instructions, so clearly set forth the issues involved that we quote them, as follows: .

"1. So that you may understand the issues involved in this case, I will state in simple form the substance of the pleadings, that is to say, in substance what the plaintiff contends and in substance what the defendant contends. This is an action in replevin brought by the plaintiffs against the defendant for the recovery of seventeen cows and three calves, and the plaintiffs allege that they are the owners of said cattle and are entitled to the immediate possession thereof, and that the defendant wrongfully detains the possession of said cattle from the plaintiffs after demand was made on him by the plaintiffs to deliver up the same.

"2. The defendant traverses this complaint by denying the contention of the plaintiffs and setting up that he is entitled to the immediate possession of said cattle and is the owner thereof. The defendant further sets up by answer by way of new matter that the plaintiffs delivered the cattle to defendant who accepted the same in accordance with the contract which the defendant claims to be the true contract. Defendant further sets up that he tendered the amount due under the contract, as he claims to be the true contract, to the plaintiffs and the plaintiffs refused to accept the same. The defendant further sets up that he fully and completely complied in all respects with the contract in controversy and therefore that he is entitled to the possession of the cattle. The defendant has further tendered into court the sum which he claims to be due, and the defendant prays that the tender should be

accepted by the plaintiffs and the cattle be delivered to the defendant.

"3. In this case the plaintiffs contend that the defendant refused to pay the stipulated price under the contract for said cattle and that while the plaintiffs delivered the actual possession of said cattle in the stock yards at Roswell, New Mexico, they did so on the understanding that the defendant would pay six cents per pound for the weight of the cattle, but on the contrary the defendant claims that there was a complete delivery of said cattle and that there was an adjustment made between the parties whereby the defendant was to pay six cents per pound for all of said cattle except three head which the defendant claims were canner cattle and that he should pay only four cents per pound for said three head. This latter contention by the defendant is denied by the plaintiff, and to properly determine the issues in this case, it is your duty to determine whether or not there was not a complete delivery made, as claimed by the plaintiff, or whether the contention of the defendant that an adjustment was made as to the price of the said three cattle and whether or not a complete delivery was made.

"4. I charge you on the question as to whether or not at the time the cattle were delivered at the stock yards the defendant acquired ownership of said property, it was not necessary that a bill of sale at that time be delivered if you find that there was a verbal contract of sale between the parties and the cattle were delivered to the defendant pursuant to the true contract.

"5. This is simply a replevin action and while there has been evidence concerning the price of the cattle, this is not a suit to adjust the price of said cattle and is simply a suit to determine whether at the time of the commencement of this action the plaintiffs were entitled to the immediate possession of said cattle, or whether or not the defendant was entitled to the immediate possession of said cattle."

Under these instructions, unobjected to by either party, the jury returned a verdict as follows: "We, the jury, find the issues in favor of the defendant (s)." Thereafter, and in due course, the trial court entered judgment in favor of the defendant for the payment to him of the one hundred dollars deposited in the registry of the court by plaintiffs as the earnest money paid them by defendant and also for return to defendant of his check for $699 deposited with the clerk as a tender into court of the unpaid purchase money on said livestock and awarded recovery of plaintiffs by defendant of interest on the one hundred dollars earnest money at the rate of six percent per annum from the date of its payment to plaintiffs, with costs of suit. Judgment also ran against the sureties on plaintiffs' replevin bond for the recovery of said interest and costs. The defendant incorporated an exception in the judgment rendered, namely, "for the rea-

son that the judgment should be in the alternative," and assigns a single error thereon, to-wit:

"The judgment should follow the verdict and be in the alternative for the return of the cattle involved, or for the value thereof, the defendant to have the option to require the return of the cattle replevied."

The appeal before us is on the record proper, the defendant having elected not to bring up a bill of exceptions. Nevertheless, we consider the record sufficient to pass upon the error claimed. Both the plaintiffs and the defendant agree, as the judgment recites, that within a few days after recovering possession of the cattle under the writ of replevin, they were resold by the plaintiffs who collected their purchase price. It is also agreed that the defendant made no effort to prove damages for the detention. Plaintiffs assert, too, and as an argument against the right of defendant to an alternative judgment, that there was neither evidence adduced nor finding by the jury as to the value of the property. However, we attach little significance to this circumstance, it being obvious from the record that the agreed purchase price under defendant's version of the contract, which the jury sustained, was taken and accepted by all parties and by the court as the value of the property.

Thus, when we appraise the judgment, with damages for detention eliminated as an issue in the case, however inartificially drawn it may seem, it is in effect (with obvious effort by the trial judge to arrange the satisfaction thereof in the judgment itself) "given for the defendant * * * against the plaintiff and his securities for the value of the property taken," in purported compliance with certain provisions of 1941 Comp. § 25-1512, under other provisions of which the defendant seeks to place the trial court in error. Certainly, the defendant does not complain of its insufficiency as a judgment for the assessed value of the property and in limiting his objection to it as not alternatively awarding a return of the property, he acquiesces in its sufficiency as to the other alternative.

1941 Comp. § 25-1512, reads:

"In case the plaintiff fails to prosecute his suit with effect and without delay judgment shall be given for the defendant and shall be entered against the plaintiff and his securities for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof."

The defendant persuasively argues that the statute requires entry of an alternative judgment, that is, for the return of the property or payment of its assessed value. He quotes the statute and cites as supporting authority Elsberg v. Maurin, 9 N.M. 645, 43 P. 690; Roth v. Yara, 19 N.M. 8, 140 P. 1071; Enfield v. Stewart, 24 N.M. 472, 174 P. 428, 2 A.L.R. 196; Cochrane v. Stevenson, 32 N.M. 264, 255 P.

404; and Farmers' Cotton Finance Corporation v. White, 39 N.M. 132, 42 P.2d 204. We think the defendant must be sustained in this contention.

The statute was before the territorial Supreme Court for construction as early as 1867 in Elsberg v. Maurin, reported out of order in 9 N.M. 645, 43 P. 690, 691. Judgment in replevin for damages only for the assessed value of the property taken had been entered upon a general verdict in defendant's favor, as in the case at bar. Two errors were assigned: First, that the trial court erred in conducting a trial and entering judgment in defendant's favor in the absence of a plea to the complaint, the plaintiffs having failed to appear for the trial; and, second, that the judgment for damages only was fatally defective. The defect, if any, in the form of the judgment was in its failure to award the alternative relief of ordering a return of the property. The territorial court reversed the trial court upon both claims of error. Touching the second error assigned, the court said:

"Section 7 of the statutes, referred to, provides for the mode of disposal by the courts of cases in replevin where there is a failure to prosecute on the part of the plaintiff. The language of this section directs, imperatively, the manner in which judgments in such cases shall be entered. In this case there appears to be an almost entire failure to comply with the requirements of the law in this respect. It is apparent that the judgment is far short of fulfilling the requirements of this law, and is therefore erroneous."

The mandatory character of the language of the statute which prescribes the form of judgment to be entered is again emphasized by the quotation with approval of the foregoing passage of the opinion in Elsberg v. Maurin, supra, in our later opinion in the case of Farmers' Cotton Finance Corporation v. White, 39 N.M. 132, 42 P.2d 204. While it is true that the territorial Supreme Court some years later in Brannin v. Bremin, 2 N.M. 40, decided in 1880, overruled Elsberg v. Maurin on the first ground of reversal (see, Enfield v. Stewart, supra), no contrary declaration has since been made by us modifying the effect of that decision in construing the statute to require the entry of an alternative judgment in a replevin action. Of course, where, as in Enfield v. Stewart, supra, following a dismissal by the plaintiff and prior to entry of judgment in defendant's favor, the latter elects to take a money judgment in lieu of the property which had been taken out of the jurisdiction of the court, he could not later assign error upon the court's failure to enter a judgment in the alternative. We have here no such case. Indeed, the defendant's single exception to the form of judgment entered, expressed his dissatisfaction with a money judgment alone.

The early case of Johnson v. Gallegos, 10 N.M. 1, 60 P. 71, shows it to have been the practice under our statute to render judgment in the alternative and the holdings of this court after statehood in Roth v. Yara,

19 N.M. 8, 140 P. 1071, and Cochrane v. Stevenson, 32 N.M. 264, 255 P. 404, by strong implication support a conclusion that, unless a judgment in the alternative be waived by exercise of the statutory option prior to entry of judgment, it must be so entered. Otherwise, the defendant is denied the option of electing whether he will take the money judgment or have a return of the property. Of course, a defendant may not have the benefit of both alternatives, Johnson v. Gallegos, supra, and if he proceeds to collect his judgment he waives return of his property and vice versa. Cf. Reed v. Sibley, 35 N.M. 307, 297 P. 272.

A consideration of other pertinent statutory provisions supports the conclusion we reach. 1941 Comp. § 25-1517 requires the giving of a replevin bond, the form of which is set out in this section. The pertinent condition of the bond reads:

"Now if the said A.B. shall prosecute his said action without delay and with effect, and shall deliver the property replevied to C. D. in the event of the restitution being so adjudged by the said court," etc.

It is significant that there is no condition in the bond for the payment of any money judgment for the assessed value of the property. While the record before us has no copy of the bond in replevin, we may fairly assume, we think, that it is in statutory form and unless a condition, not required, for payment of a money judgment was voluntarily inserted, it contains none. Thus, in failing to enter judgment in the alternative, the defendant is denied the protection which the statute would give him upon the bond, in the event he elects to have a return of the property and the plaintiffs are unable to comply by making restitution. See, Securities Investment Co. v. Pioneer Sales Co., 178 Tenn. 360, 160 S.W.2d 895, 144 A.L.R. 1144.

We conclude that the trial court erred in declining at defendant's request to enter judgment in the alternative. Cobbey on Replevin, 2nd Ed., 626, § 1105; 22 Standard Encyclopedia of Procedure 944. It follows that the judgment should be reversed and the cause remanded with directions to set aside its judgment and to proceed further in accordance with the views herein expressed. The defendant will recover the costs of this appeal.

It is so ordered.

MABRY, BRICE, BICKLEY, and THREET, JJ., concur.