71 P.(2d) 1029

## LOOMIS MACH. CO. v. PROCTOR et al.
### No. 4165.

Supreme Court of New Mexico.

Nov. 18, 1936.

On Rehearing Aug. 30, 1937.

J. Lewis Clark, of Estancia, for appellant.

Marron & Wood, of Albuquerque, for appellees.

BRICE, Justice.

This action in replevin was brought by the appellant against the appellees to recover

the possession of certain well-drilling machinery and accessories. The complaint and affidavit are in statutory form. Attached to the complaint is an exhibit showing a list of the machinery and supplies, the possession of which is sought. The answer admits the corporate capacity of the appellant and that the appellees are residents of Torrance county, N. M., but denies generally the remaining allegations of the complaint. The sheriff of Torrance county, by virtue of the writ of replevin issued in the cause, took into his possession the property in dispute.

Upon the trial of the cause the plaintiff called the clerk of Torrance county as a witness and proved by him that a certified copy of a certain document handed to him for identification was filed in his office on the 13th day of October, 1934, and indexed in the chattel mortgage records of the county, and thereupon offered it in evidence. The instrument had indorsed thereon the following certificate:

"Doc. No. G-332

"State of New Mexico ⎱ ss.
"County of Torrance ⎰

"I hereby certify that a true copy of this instrument was filed in my office on the 13th. day of October, A. D. 1934, at 10:10 o'clock, A. M., and was duly indexed as Instrument No. G-332 in the Chattel Mortgage records of said county.

"Witness my hand and seal of office.

"Pedro Zamora, County Clerk, Torrance County, New Mexico
"By Richard Caldwell,
"Fee: 50¢        Deputy."

The court admitted the instrument "merely to show that this instrument was filed with the Clerk at the time." The instrument appears to be a proposal to purchase certain well-drilling machinery and accessories, subject to the approval and acceptance of the appellant, and was approved by it on April 27, 1931, and thereupon became a conditional sales contract, by the terms of which title to the property remained in the seller until paid for.

There is an affidavit attached to the instrument to the effect that "the within writing is the true copy of contract of sale by the said Loomis Machinery Company to the within named P. D. Gilbert of the within described property"; that there is a balance due of $1,950, with interest from the 27th day of April, 1931, at the rate of 6 per cent. per annum. The instrument does not appear to have been acknowledged by either of the parties.

■■ The document offered in evidence is in form a conditional sales contract and to this the parties agree. The filing of a certified copy of it in the office of the county clerk did not make it admissible in evidence without proof of its execution. The pertinent statute is section 21-302, N.M. Code 1929, and it reads as follows: "Every such instrument described in section one (21-301) of this act shall be either recorded or filed in the office of the county clerk of the county where such personal property is situate, in accordance with the provisions of chapter 71 of the Session Laws of 1915, en-

titled 'An Act Relative to Chattel Mortgages,' and all acts amendatory thereof."

Other provisions of the act require that such contracts shall be acknowledged, and, when so acknowledged, may be recorded; which "shall have the full force and effect given to the recording of an instrument affecting real estate." Section 21-303. The failure to so record renders it void as to subsequent mortgagees in good faith, purchasers for value without notice, etc.

There is no statute of New Mexico authorizing the admission of such instruments in evidence without proof of their execution; in the absence of which, such proof must be made as required by the general rules of evidence in such cases. The execution of the instrument was not proved. The district court held correctly that the plaintiff had not established its right to the possession of the property involved. The fact that the district judge made certain statements indicating that appellant had proved the existence of the contract is immaterial. In fact, the contract had not been admitted in evidence, and the court would have erred had he admitted it.

The evidence amply supports the finding of damages assessed against appellant.

The judgment of the district court is affirmed.

It is so ordered.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

ZINN, J., did not participate.

On rehearing.

BRICE, Justice.

Upon granting a rehearing the court had in mind the question of whether appellees had proven damages on account of being deprived of the use of the well drilling machine. The evidence shows, and the court found, that the "usable value" of the machine was $2 a day. Judgment was entered for statutory damages of double this amount for seventy days, the time which appellees were deprived of its use. The testimony further shows that the machine had not been operated continually while in appellees' possession; that they had drilled four wells with it in five months; that they were using it at the time the sheriff took possession of it.

"Q. And from June (the time they obtained the machine) did you use it continually, or off and on? A. Off and on, I did not get work all the time."

The burden was on appellees to prove the damage. There is no evidence to indicate that they could have rented the machine or had work for it during the time it was held by the sheriff or any portion of such time.

We stated in Roth v. Yara, 19 N.M. 8, 140 P. 1071, 1072, a replevin action, in regard to damages for the retention of a stallion: "It would seem clear that, while appellee might properly recover damages for loss of the use of the animal in question, it would nevertheless be incumbent upon him to prove with definiteness and certainty the damages actually suffered by him. It does not appear

from the record in this case that he could have used, the animal in question at any time, had the animal been in his possession, and his testimony upon the subject reduces the element of damages in this case to one of speculation and uncertainty, in our opinion."

There being no definite testimony upon which damages could be predicated, the district court erred in allowing any damages for the retention of the machinery.

Our former judgment will be vacated; the cause will be reversed and remanded, with instructions to enter judgment for appellees in the replevin action, without damages for the retention of the property.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.