[No. 2368. March 21, 1921.]

## TROY LAUNDRY MACHINERY CO. v. CARBON CITY LAUNDRY CO. et al.

### SYLLABUS BY THE COURT.

1. The action of replevin provided for by sections 4340 et seq., Code 1915, is exclusive of all other remedies for the recovery of the possession of goods and chattels. An action in the nature of detinue at common law is not maintainable in this jurisdiction.          P. 119

2. Replevin at common law was maintainable in cases where there was an unlawful taking and an unlawful detention of personal property, and in such a proceeding there was a seizure under a writ of replevin of the subject-matter of the litigation at the beginning of the proceeding, while detinue at common law was maintainable for the recovery of personal property in all cases, where there was an unlawful detainer, regardless of the manner of taking, and recovery of the property was had only after judgment.          P. 119

Appeal from District Court, McKinley County.

Action by the Troy Laundry Machinery Company against the Carbon City Laundry Company and

another. Judgment for defendants on demurrer, plaintiff appealed, and the judgment was reversed. On rehearing. Judgment below affirmed.

Bert D. Richards, of Gallup, for appellant.

E. A. Martin, of Gallup, and McFie, Edwards & McFie, of Santa Fe, for appellees.

OPINION OF THE COURT.

PARKER, J.  The Troy Laundry Machinery Company, a corporation, brought suit in the district court of McKinley county against the Carbon City Laundry Company and the McKinley County Bank, corporations, to recover the possession of certain laundry machinery. It alleged that it was the owner and entitled to the immediate possession of the property, and that the defendant wrongfully and unlawfully withheld and detained the same from plaintiff. It prayed for the recovery of the property in specie, or, in the alternative, that in case the property could not be delivered, to recover the value thereof, together with damages for the wrongful detention and for the use thereof. No affidavit in replevin was made, nor was any bond given the sheriff, and no writ of replevin was issued, but an ordinary summons was issued and served upon the defendants. The action was instituted upon the theory that recovery of goods and chattels may be had in an action like the common-law action of detinue, and no attempt was made to follow the statute governing the action of replevin. A demurrer was interposed by the defendant, the McKinley County Bank, raising the proposition that the complaint failed to state a cause of action because there is in tnis jurisdiction no action in the nature of detinue, and that the sole action for the recovery of personal property in specie is the action of replevin, in which action the statute requires the filing of an affidavit and bond. The court sustained this demurrer, and the plaintiff, electing to stand upon its complaint, the court rendered judgment, dismissing the com-

Troy L. M. Co. v. Carbon City L. Co., 27 N. M. 117.

plaint. From this judgment the appeal to this court was taken.

In our former opinion in this case we held that the court was in error in dismissing the complaint upon the theory that the statute referred to was not exclusive of all remedies to recover the possession of personal property, and that the action, in the nature of an action of detinue, might be maintained. A motion for rehearing has been filed, and upon more thorough consideration of the case we have concluded that we were in error in the former opinion.

[1, 2] Replevin at common law was maintainable in cases where there was an unlawful taking and an unlawful detention of personal property. Detinue at common law was maintainable for the recovery of personal property in all cases where there was an unlawful detainer, regardless of the manner of taking. In replevin there was a seizure under a writ of replevin of the subject-matter of the litigation at the beginning of the proceeding. In detinue recovery of the property was had only after judgment. In 1847 the Legislature of the then territory passed an act on the subject of the recovery of personal property, which has, with some slight amendments which are immaterial to this consideration, remained the law to this day. The provisions of this act, together with the amendments referred to, were re-enacted by chapter 107 of the Session Laws of 1907, and now appear as sections 4340 et seq., Code 1915. Section 4340 is as follows:

"Any person having a right to the immediate possession of any goods or chattels, wrongfully taken or wrongfully detained, may bring an action of replevin for the recovery thereof and for damages sustained by reason of the unjust caption or detention thereof."

It is to be observed that this section provides for an action in all cases where, under the common law, either replevin or detinue might have been maintained. It provides that when goods or chattels have

been "wrongfully taken or wrongfully detained," the action may be brought. If the conjunction "and" had been employed in the statute instead of the disjunctive "or," it might well be said that the Legislature intended the action provided for to be an action in the nature of replevin only. But having provided that the action may be maintained when the goods or chattels are wrongfully detained, it is clear that the statute was designed to cover also cases which, under the common law, would authorize an action of detinue only. A similar statute was considered in Michigan, in the case of Hickey v. Hinsdale, 12 Mich. 99. There the statute provided that—

"Whenever any goods or chattels shall have been unlawfully taken or unlawfully detained, an action of replevin may be brought for the recovery thereof," etc. Comp. Laws 1857, § 5005.

The court, after speaking of replevin and detinue at common law, said:

"The object of this provision of our statute was to extend the remedy by replevin, so as to include both classes of cases. But in both equally there must be an unlawful detention at the time of the institution of the suit."

So in Indiana, under a statute which provided that "when any personal goods are wrongfully taken or unlawfully detained," etc., it was held that this statute included both common-law detinue and replevin. Wilson v. Rybolt, 17 Ind. 391, 79 Am. Dec. 486.

Section 4344, Code 1915, a part of the same act, provides as follows:

"Before the writ of replevin shall be issued, the plaintiff, or some creditable person in his stead, shall file in the office of the clerk of the district court an affidavit alleging that the plaintiff is lawfully entitled to the possession of the property mentioned in the complaint, that the same was wrongfully taken, or wrongfully detained by the defendant, and that the right of action accrued within one year."

It appears from this section that before any process may issue in this action of replevin, so provided by statute, there must be filed an affidavit setting up the matters specified in the statute. Section 4348 of the same act provides that the writ of replevin shall be executed by delivering the goods and chattels to the plaintiff and by summoning the defendant to answer the action of the plaintiff. Section 4345 of the same act provides that before such a writ of replevin shall be executed, the plaintiff must enter into a bond with sufficient sureties to the officer to whom the writ is directed in double the value of the property, conditioned for the prosecution of the suit with effect, and that he will, without delay, make return of the property if a return is adjudged, etc. Section 4350 of the same act provides for the judgment which shall be rendered, and is to the effect that in case the plaintiff fails to prosecute his suit with effect, and without delay, judgment shall be given for the defendant against the plaintiff and his sureties for the value of the property taken, and it shall be in the option of the defendant to take back such property or the assessed value thereof. It seems clear from a survey of the whole act that it was designed to cover the whole field of proceedings to recover the possession of goods and chattels, regardless of whether they were merely wrongfully detained from the person entitled to the immediate possession of the same. A complete remedy and procedure is prescribed in the act itself, and nothing whatever is left in doubt or to be controlled by any of the common-law forms of procedure. This being so, in order to recover the possession of goods and chattels, a writ of replevin must be secured from the court, and this can be secured from the court only upon the filing of an affidavit, such as is mentioned in the statute. The writ may be required to be served only upon the giving of the bond also specified. We believe the statute of New Mexico is the only one in the country which has remained in its

present form. In all of the other states, so far as we are advised, it appears from the statutes themselves that it was the intention of the Legislature to allow the bringing and maintaining of an action of replevin without a seizure of the property under a writ of replevin, and as an ordinary action resembling the action of detinue at common law. There is provision in most of the statutes for the suing out of the writ, either at the commencement of the action or at any time subsequent thereto, prior to answer by the defendant or, in some cases, prior to the entry of judgment. Thus in Kansas the statute provides:

"The plaintiff in an action to recover the possession of specific personal property may, at the commencement of the suit, or at any time before answer day, claim the immediate delivery of such property, as provided in this chapter." Code Civ. Proc. § 176. Batchelor v. Walburn, 23 Kan. 733.

Under this statute the court held, of course, that the cause might proceed as an ordinary action without the issuance of any writ of replevin, and consequently without any affidavit or bond. The same thing is held in Wisconsin, in Dudley v. Ross, 27 Wis. 679. In that case the court said:

"Under the old practice no writ of replevin could issue until the plaintiff, or some one in his behalf, made and filed with the clerk an affidavit, stating, among other things, that the plaintiff was lawfully entitled to the possession of the property unjustly taken and unjustly detained, by the defendant. * * * Upon such a statute, of course, no such question as the one before us could be involved in doubt. But the present statute no longer makes the proper affidavit an essential prerequisite to the commencement of the action. The plaintiff may, at the time of issuing the summons, or at any time before answer, claim immediate delivery of the property; and, where he proceeds for the delivery in the first instance, he must make an affidavit showing," etc. "But suppose the plaintiff does not claim the immediate delivery of the property, and it has been wrongfully taken under an alleged tax warrant, is the action of replevin then an appropriate remedy? It seems to us that it is."

So in Nebraska the statute provides that the plaintiff may, at the commencement of the suit, or at any time before answer, claim the immediate delivery of such property. The Nebraska court holds, necessarily, that the action may be maintained in that jurisdiction with or without the affidavit and bond. Racine-Sattley Co. v. Meinen, 79 Neb. 33, 114 N. W. 602. So the Supreme Court of Missouri holds that their statute expressly authorizes an action of replevin by merely filing a petition without affidavit. White v. Grace, 192 Mo. App. 610, 184 S. W. 947. In Arkansas the statute provides that the plaintiff in an action to recover possession of personal property may at the commencement of the action, or at any time before judgment, claim its immediate delivery by filing an affidavit, etc. Of course, under this statute the action may proceed to judgment without an affidavit and bond, as the court holds in Schattler v. Heisman, 85 Ark. 73, 107 S. W. 196. The same holding under the same kind of a statute is had in Idaho in Bates v. Capital State Bank, 21 Idaho 141, 121 Pac. 561. See, also, 23 R. C. L. Replevin, § 87, where it is pointed out that in the modern statutory action the seizure of the property is not essential to the right to maintain the action. This is due to the language of the statutes in nearly all of the states, and New Mexico seems to be about the only state which has neglected to make proper provision by statute for the maintenance of the action without the issuance of a writ and the seizure of the property at the beginning of the proceeding. This is evidently an oversight of the legislative department, but it is one which cannot be remedied by any forced construction of the statute by the courts.

It follows that the former opinion should be withdrawn from the files, and that the district court was correct in its judgment, and the judgment should be affirmed, and it is so ordered.

ROBERTS, C. J., concurs.

RAYNOLDS, J., having tried the case in the court below, did not participate in this opinion.