42 P.(2d) 204

# FARMERS' COTTON FINANCE CORPORA-
## TION et al. v. WHITE.
### No. 3963.

Supreme Court of New Mexico.

March 4, 1935.

W. C. Whatley, of Las Cruces, for appellants.

R. R. Posey, of Las Cruces, for appellee.

ZINN, Justice.

Farmers' Cotton Finance Corporation, one of the appellants, as plaintiff below, sued out a writ of replevin, and took into possession 6,600 bales of alfalfa hay belonging to the defendant N. E. White, appellee. On July 5, 1932, after a demurrer to the complaint had been sustained, the complaint was dismissed with costs. From such judgment of dismissal the Farmers' Cotton Finance Corporation appealed to the Supreme Court, but failed to perfect its appeal, and the judgment of the district court was affirmed. The cause was then remanded to the district court.

On June 15, 1933, White filed a motion for amended judgment against the Farmers' Cotton Finance Corporation and its surety on the replevin bond, the Maryland Casualty Company, praying for judgment in a sum equal to the value of the replevied hay. After a hearing, the district court on July 19, 1933, entered judgment in favor of appellee and against appellants in the sum of $1,650, as the value of the hay, together with costs.

Appellants objected to the entry of this amended judgment. They urge that the trial

court was wholly without jurisdiction to entertain the motion for amended judgment. They contend that upon entry of the judgment of dismissal on July 5, 1932, such judgment passed from the jurisdiction and authority of the court for all purposes except as specified by statute, and within the time prescribed by statute. Appellants contended below, and now contend here, that no motion having been made to vacate or set aside the judgment of dismissal, and it never having been vacated or set aside, such order of dismissal has become final for all purposes after the lapse of one year and cannot be disturbed. Another objection urged below by appellants, and now urged here, is that on July 5, 1932, appellee elected to take a judgment of dismissal and therefore cannot now be heard to claim the right to the return of the property taken or the value thereof.

The objections were overruled by the trial court, exceptions allowed, and an amended judgment entered from which this appeal is prosecuted.

█ As to the contention of appellants that the appellee upon the entry of the order of dismissal on July 5, 1932, elected to take a judgment of dismissal only, and because of appellee's failure at that time to ask for and procure anything more than a judgment of dismissal, he cannot therefore be now heard to claim the right to the return of the property or its assessed value, we are not impressed.

Appellants contend that the record shows an election on the part of the appellee to content himself with the recovery of costs and a waiver of the return of the property or damages, and that it was in reliance upon this election and waiver, possibly, that he abandoned his appeal. It seems absurd to attribute any such intent to appellee's counsel. If the finance corporation did abandon its appeal on the theory of election and waiver, it did so because it thought it had the defendant in a hole and that its chances of winning on that theory were better than its chances of reversing the decision on the demurrer. In fact, it was the finance company itself that made an election, and that was to appeal from what we believe it considered an interlocutory order rather than to take its exception and appeal from a final judgment later to be rendered.

The appellee did not elect to take merely a judgment of dismissal. The record shows that the entry of July 5, 1932, is a formal order sustaining appellee's demurrer and dismissing the complaint, from which order an appeal was allowed to this court and which appeal Farmers' Cotton Finance Corporation never perfected.

█ An order sustaining a defendant's demurrer and dismissing a plaintiff's complaint in a replevin action necessarily precedes a judgment for the defendant and against a plaintiff and his securities on the bond for the value of the property taken. A dismissal of a plaintiff's complaint in a replevin action, either voluntarily by the plaintiff, or because of inability on the part of the plaintiff to prove his case, establishes the fact that the plaintiff in such suit has failed to prosecute his suit with effect. Such dismissal merely establishes the right of the defendant to a

judgment against the plaintiff and his securities as provided by Comp. St. 1929, § 105-1711.

Coming now to the contention of the appellants that the order of July 5, 1932, is merely an irregular judgment, which cannot be corrected after the lapse of one year, we are likewise not impressed. It is not an irregular judgment within the meaning of Comp. St. 1929, § 105-846, which we defined in Coulter v. Board of Commissioners, 22 N. M. 24, 158 P. 1086. It was merely an order sustaining a demurrer and dismissing plaintiff's complaint. The judgment entered July 19, 1933, which we are now considering an appeal, is a judgment granting to appellee that which the statute (Comp. St. 1929, § 105-1711) expressly provides for, to wit: "In case the plaintiff fails to prosecute his suit with effect and without delay judgment shall be given for the defendant and shall be entered against the plaintiff and his securities for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof."

That the court below could have assessed the appellee's damages on July 5, 1932, when the plaintiff's complaint was dismissed, and entered judgment at that time cannot be questioned. The manner in which the judgment ought to have been rendered is imperative. The rights of a defendant in a replevin suit are fixed by statute. Section 105-1711, supra.

In the case of Elsberg v. Maurin, 9 N. M. 645, 43 P. 690, 691, in construing chapter 35, § 7, of Rev. Stat. & L. of N. M. of 1865 (Comp. Laws, p. 244, § 7), on the subject of "Replevin," which section 7 is identically the present 105-1711, supra, the territorial Supreme Court said: "Section 7 of the statutes, referred to, provides for mode of disposal by the courts of cases in replevin where there is a failure to prosecute on the part of the plaintiff. The language of this section directs, imperatively, the manner in which judgments in such cases shall be entered. In this case there appears to be an almost entire failure to comply with the requirements of the law in this respect. It is apparent that the judgment is far short of fulfilling the requirements of this law, and is therefore erroneous."

We deem it unnecessary to look upon this case as one amending or modifying a judgment to supply an inadvertent omission. We prefer to treat this case as one wherein the appellant presented to this court an interlocutory appeal from the ruling of the trial court on July 5, 1932, dismissing the complaint after a demurrer had been sustained. This original appeal merely interrupted the proceedings, which were properly resumed when the mandate went down after the affirmance of the order of dismissal made July 5, 1932.

The fact is that counsel argued a demurrer to the complaint, and the court took the law questions under advisement. He determined that the complaint did not set forth facts sufficient to constitute a cause of action. Such decision necessarily paved the way for the statutory judgment for a return of the prop-

erty or for its value, unless the plaintiff should elect to amend his complaint.

On the rendering of this decision the plaintiff would naturally have moved either for a return of the property, or that the case be set down for an assessment of damages.

But, before this decision was embodied in a formal order, the plaintiff had evidently announced an election to stand upon his complaint and had prayed an appeal. Such announcement and request must have been made upon the theory that the decision up to that point was merely interlocutory, but that as it "practically disposed of the merits of the action," it was appealable. N. M. App. Proc. Rule II, § 2. Whether this was a correct view is not the point. The point is that the court's omission to direct that the case be set down for further necessary proceedings, and the failure of defendant's counsel to move for such setting, do not appear to have been mere inadvertence. Court and counsel merely acquiesced in the claim of the plaintiff of the right of appeal from the decision rendered.

Of course the appeal taken did not in strictness prevent the court from proceeding to order either a return of the property or an assessment of damages. In such cases, however, it is often better, and was probably better in this case, to await the final decision of the sufficiency of the complaint before proceeding further. The appellant, by claiming the appeal, asserted the right to such final decision. Even assuming that he had no such right, the court and opposing counsel are not to be prejudiced by an invited error.

Should we be inclined to agree with appellants that appellee's motion for an assessment of damages did not look to the modification of a judgment, and did look to a new and different judgment, that would not help appellants, inasmuch as for purposes of this case we consider the first judgment merely interlocutory.

For the reasons given the judgment of the trial court will be affirmed, and the cause remanded. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and WATSON, JJ., concur.