87 P.2d 681

**STATE ex rel. SANDOVAL v. TAYLOR, District Judge.**

No. 4424.

Supreme Court of New Mexico.

Feb. 15, 1939.

Louis S. Wilson, of Raton, for petitioner.

D. A. Paddock, of Clayton, for respondent.

ZINN, Justice.

This is an original proceeding in mandamus, wherein the relator seeks a writ of mandamus against the respondent, as District Judge of the Eighth Judicial District, to compel the respondent to grant an appeal to this court in a suit pending in the Court of respondent.

The petition discloses that on Jan. 24, 1938, relator, as plaintiff, filed an action for the replevin of certain personal property and for damages, against one Roberto Sandoval. On May 2, 1938, the respondent, as District Judge, sustained a demurrer to the complaint in the replevin action and dismissed the complaint. This judgment of dismissal was entered on May 9, 1938. The petition for mandamus further recites that the relator, as plaintiff in the replevin action, attempted to take an appeal from the order dismissing the complaint some time during the month of May 1938, and executed a supersedeas bond and filed an appeal in this court, but that said appeal was stricken as being prematurely taken and was therefore void. The petition further alleges that on July 29, 1938, the relator filed an application for an appeal in the original action in replevin, which application was transmitted to the respondent together with an order in blank for the respondent's signature allowing said appeal and to fix the supersedeas bond. The petition asserts that on Aug. 19, 1938, the respondent, after hearing, denied the application for appeal and refused to allow the appeal and still refuses to allow the appeal upon the ground that the application for appeal made on July 29, 1938, was out of time, because the judgment of the court made on May 9, 1938, was not a final judgment, but merely an interlocutory judgment, and that the time for appeal had passed from such an interlocutory judgment.

To the petition for mandamus, the respondent demurred for the reason that the petition does not contain facts sufficient to state a cause of action. The demurrer sets forth six grounds to sustain the want of allegations sufficient to constitute a cause of action warranting mandamus. These grounds may be summarized as follows:

(1) That the petition shows on its face that the judgment from which the appeal was sought was entered on May 9, 1938, and that the application for appeal was made on July 29, 1938, being eighty-one days after the date of entry of the said judgment, which judgment, though in fact disposing of the case on its merits, is not a final judgment because the court had failed to assess the damages due the defendant in the replevin action from the plaintiff therein, who had failed to file an application for an appeal within twenty days after said judgment had been entered, and that therefore the respondent could not be compelled to commit a nonjurisdictional act, he having lost jurisdiction through the lapse of the twenty day period.

(2) That the allegation that the respondent had no discretion in the matter, but to allow an appeal, is a mere conclusion

and "an invasion of the province of the court."

The judgment from which the appeal is sought was only for the return of the property theretofore taken from defendant, and in the same judgment the trial court made the reservation that it retained jurisdiction for the further purpose of "assessing defendant's damages."

■ In a suit in replevin there is not only involved the issue of the right to possession of the property in question, but also the question of damages for the unlawful detention or for the use of the same from the time of the delivery under the writ. The issue of who is entitled to possession is only one of the questions involved. Value of the property taken and double damages for the unlawful detention are substantial issues likewise involved. Sec. 105-1711, N.M.St.Ann.1929 Comp., provides: "In case the plaintiff fails to prosecute his suit with effect and without delay judgment shall be given for the defendant and shall be entered against the plaintiff and his securities for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof."

We said in Enfield v. Stewart, 24 N.M. 472, 174 P. 428, 429, 2 A.L.R. 196: "It is our opinion that the defendant by his demurrer had pleaded so far as he was required to plead, and even though it was his duty to call up the demurrer for final disposition before further steps could be taken in the case, nevertheless the plaintiff cannot, by an abandonment of the action, as is indicated by the attempted dismissal in the trial court of the suit, bar the defendant's rights to a judgment for affirmative relief, and to require an answer after an abandonment of the action would be to call for a useless or idle thing on the part of the defendant. The judgment in the case was evidently rendered under section 4350, Code 1915, providing that where the plaintiff fails to prosecute his suit with effect and without delay judgment shall be given for the defendant, and shall be entered against the plaintiff and his securities for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof. In Lamy v. Remuson, 2 N.M. 245, it was held that where plaintiff by dismissal abandons his suit in replevin, the court may assess the damages and the value of the property without a jury."

■ The judgment as rendered therefore determined only one issue involved in the action, that is, the right to the possession of the property, leaving for future determination in the same action the question of "assessing defendant's damages." The question of damages under Sec. 105-1711, supra, remaining yet to be determined, the judgment was not final. The order returning the property to the defendant was only an award of part of what the defendant was entitled, leaving

"something remaining to be decided or done by the court entering the order." See Otto-Johnson Merc. Co. v. Garcia, 24 N.M. 356, 174 P. 422. The judgment was not final and complete, but interlocutory only. See, also, Farmers' Cotton Finance Corporation v. White, 39 N.M. 132, 42 P.2d 204.

■ Application for the allowance of an appeal from an appealable interlocutory judgment under the rules of this court must be made within twenty days from the entry of the judgment, order, decision or conviction appealed from. Rule V, Supreme Court Rules. Assuming, without deciding, that the order of dismissal and award of redelivery was such an interlocutory order, the application was not made within twenty days from the entry of the judgment, as provided by our rules, and was therefore untimely and ought not to have been allowed.

Relator contends, however, that the judgment, even though it be interlocutory, is of the character that is appealable, and notwithstanding the lapse of twenty days in which to make application for the allowance, the appeal should have been allowed, and the question of the right of appeal be left to our determination.

■ Appeals are provided by law. First, from final judgments within ninety days. Second, from appealable interlocutory judgments within twenty days. Such appeals must be taken within the manner and time as provided by law. An appeal must be taken and the right must be exercised not at any time as argued by relator, but within the time provided. To hold otherwise would mean that an appeal could be applied for by litigants and the trial court would be compelled to allow the same, one, three, five, ten, or any number of years, after a judgment is rendered and filed. The unsoundness of the relator's position is demonstrated by merely stating it.

■ To entitle the petitioner to a writ of mandamus commanding the allowance of an appeal to this court, the relator must show that he has a clear right to such appeal. 18 R.C.L. 304. This, the relator failed to do, and the writ will be denied.

For the reasons given, the respondents' demurrer will be sustained and the petition for mandamus denied. It is so ordered.

BICKLEY, C. J., and SADLER and MABRY, JJ., concur.

BRICE, J., did not participate.