149 P.2d 795

**JOHNSON v. TERRY.**

No. 4830.

Supreme Court of New Mexico.

June 19, 1944.

C. C. Royall and Joseph W. Hodges, both of Silver City, for appellant.

Alvan N. White and Clyde T. Bennett, both of Silver City, and H. Vearle Payne, of Lordsburg, for appellee.

THREET, Justice.

This is a replevin action brought by appellee against appellant under 1941 Comp., Sec. 25-1507, being trial court rule 105-1706A. Appellee alleged that he was the owner and entitled to the immediate possession of certain mining machinery, and that the appellant wrongfully and unlawfully withheld and detained the property from him. He prayed for the recovery of the property, or, in the alternative, that, in case the property could not be delivered, to recover the value thereof, together with damages for the removal and wrongful and unlawful detention of it. Appellee waived the issuance of the writ of replevin and a seizure and delivery of the property. No affidavit was made nor was any bond given to the sheriff. An ordinary summons was issued and served on the appellant.

A demurrer to the complaint, challenging its sufficiency to state a cause of action in replevin, being overruled, appellant answered and the cause proceeded to trial, which resulted in a judgment, in favor of appellee, in the sum of $20,000, together with interest at the rate of 6%, and for cost of the suit. From this judgment, and the order of the trial court overruling the demurrer, appellant appeals.

The first two assignments of error relied upon for a reversal are:

1. The court was in error in overruling defendant's demurrer.

2. The court erred in giving judgment for the value of the machinery.

These two assignments of error will be considered together as they challenge both, the jurisdiction of the trial court to entertain the suit, and the power of this court to promulgate the rule under which the action was brought.

The rule, under which this action was instituted, became effective July 1, 1934, and is known as supplement No. 12 to Rules of Pleading, Practice and Procedure. It was incorporated in 1941 Comp., as Sec. 25-1507, supra, and reads as follows: "If the plaintiff shall allege in his complaint a demand upon the defendant for the return of the property and a reasonable opportunity to comply therewith, and that he waives seizure and delivery thereof, the affidavit and bond prescribed in the two preceding rules (§§ 25-1505, 25-1506) need not be filed, nor the writ issued. In such case, the verdict, if for the plaintiff, shall fix the value of the property, as well as the damages for detention; upon which verdict plaintiff shall have judgment for such damages, and either for the value of such property, as so fixed, or for the return. thereof, at his election."

The promulgation of this rule was pursuant to the authority granted to this court by Ch. 84, Sec. 1, of the 1933 Session Laws. of the State of New Mexico, and being Sec.. 19-301 of 1941 Comp., to-wit: "The Su-

preme Court of the state of New Mexico shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts of New Mexico, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. The Supreme Court shall cause such rules to be printed and distributed to all members of the bar of the state of New Mexico and to all applicants, and the same shall not become effective until thirty (30) days after they have been so printed, made ready for distribution and so distributed."

Appellant charges that the rule enlarges and modifies the substantive rights of a litigant and, since this was prohibited by the legislature in granting the power to the court to promulgate rules regulating pleading, practice and procedure, this court exceeded its authority and the trial court was without jurisdiction to entertain the action.

Appellee, on the other hand, contends that the rule is procedural and no substantive rights are enlarged or modified.

For a determination of these contentions, it will be necessary to consider the construction placed upon our replevin statute before the promulgation and the effective date of the rule. 1941 Comp., Sec. 25-1501, provides: "Any person having a right to the immediate possession of any goods or chattels, wrongfully taken or wrongfully detained, may bring an action of replevin for the recovery thereof and for damages sustained by reason of the unjust caption or detention thereof."

Replevin, under this statute, is a possessory action. The primary object of which is plaintiff's right to the immediate possession of the property and, secondarily the recovery of damages by the plaintiff for the unjust caption, or detention thereof. The only judgment that may be rendered, under the statute, in favor of the plaintiff, is for the possession of the property and damages for its unlawful caption or detention. The jurisdiction of the court, to hear and determine actions in replevin instituted pursuant to this statute, is dependent upon the issuance and service of the writ which brings under the control of the court the property for the purpose of rendering a judgment in accordance with the object and purpose of the statute, viz.: To determine the right to the immediate possession of the property, and damages for its unlawful caption or detention. The writ must be secured from the court, and this can be done only upon the filing of an affidavit, such as is mentioned in the statute. The writ may be required to be served only upon the giving of the bond, also specified in the statute. Troy Laundry Machinery Co. v. Carbon City Laundry Co. et al., 27 N.M. 117, 196 P. 745.

The history of the replevin statute is discussed in Troy Laundry Machinery Co. v. Carbon City Laundry Co. et al., supra,

where the court, speaking through Mr. Justice Parker, held that, because of the peculiar wording of the replevin statute, Sec. 25-1501, supra, it was designed to cover al cases where, under the common law, either replevin or detinue might have been maintained.

It is significant, however, to note that the legislature limited the recovery to actions in replevin, viz.: The recovery of the possession of the property and damages for the unlawful caption or detention thereof, instead of extending the remedy to common-law action of detinue, viz.: An alternative judgment for the recovery of the possession of the property, or its value, together with damages for its detention.

The case of Troy Laundry Machinery Co. v. Carbon City Laundry Co. et al., supra, was very similar to the case at bar. There the plaintiff, as here, failed to file any affidavit in replevin. No bond was given and no writ of replevin was issued. A demurrer to the complaint was sustained by the trial court and, on appeal, the judgment was affirmed. This court held that common-law actions of detinue for the recovery of the possession of personal property could not be maintained in this state; that an action in replevin was the exclusive remedy, and the seizure of the property under writ in replevin was necessary to confer jurisdiction upon the court to hear and determine the rights of the litigants to the immediate possession of the property.

Under the rule, Sec. 25-1507, supra, at the election of the plaintiff, the affidavit, bond and the issuance of the writ are dispensed with. Jurisdiction is conferred upon the court to hear and determine the cause without the seizure of the property. The rule further provides an additional remedy, viz.: A judgment for the value of the property which the replevin act does not contemplate. If the purpose of the rule was to extend the remedy to common-law actions of detinue, viz.: An alternative judgment for the recovery of the possession of the specific property sued for, or its value, together with damages for the detention thereof, 26 C.J.S., Detinue, § 21, p. 1282, which gives the defendant the choice of returning the property sued for, or paying the assessed value (26 C.J.S., Detinue, § 22, p. 1284, Guille v. Wong Fook, 13 Or. 577, 11 P. 277), it is defective for the reason that the choice of that election is given to the plaintiff instead of to the defendant.

The vice in the rule may be demonstrated by an examination of the judgment in the case at bar. The trial court entered a money judgment, which it had a right to do under the rule, instead of an alternative judgment for the return of the property, or the assessed value, together with damages for its detention, as is provided in actions of comon-law detinue, this converting the action into one of trover and conversion.

The legislative act granting the Supreme Court the power to promulgate rules

regulating pleading, practice and procedure, Sec. 19-301, supra, prohibits the promulgation of a rule that abridges, enlarges or modifies the substantive rights of any litigant. "* * * substantive law, speaking broadly, is that which creates duties, rights, and obligations * * *." State v. Elmore, 179 La. 1057, 155 So. 896, 898; Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371.

The substantive rights of a plaintiff in a replevin action are to be found in Sec. 25-1501, supra. The rule, in question, seeks to enlarge that right by providing for a money judgment in favor of the plaintiff, at his election, for the value of the property, instead of for the recovery of the property and damages for its unjust caption or detention. The effect of the rule is to convert a possessory action of replevin into one of trover and conversion, which is inimical to the whole conception of the replevin act.

In the case of Universal Credit Co. v. Antonsen, 374 Ill. 194, 29 N.E.2d 96, 97, 130 A.L.R. 626, the court considered a rule of court promulgated as an aid to a plaintiff in actions in replevin. The replevin statute of Ill., Ill.Rev.Stat.1943, c. 119, § 18, provides: "When the property or any part thereof has not been found or delivered as aforesaid, and the defendant is summoned or enters his appearance, the plaintiff may proceed, under original or amended complaint, as in an action for the wrongful taking and detention of such property or so much thereof as is not found and delivered to the sheriff, constable or other officer, and as to the property not found and delivered, the plaintiff, if he shall recover, shall be entitled to judgment for the value thereof or his interest therein, and such damages as he shall have sustained by reason of the wrongful taking and detention."

The rule, so far as is material, reads as follows: " 'Whenever the property described in the writ, or any part of such property, is so concealed that it cannot be found by the bailiff or other officer, he shall, if the plaintiff so requires, make demand upon the defendant for the delivery of the property not so found, and upon such demand being made, it shall be the duty of the defendant, if such property is in his possession or under his control, to comply with such demand and deliver the same to the officer and his failure so to do shall be deemed a contempt of court and may be punished as such accordingly, and the court may enter and enforce all orders necessary to compel the delivery of such property to the officers; * * *.' "

A writ of replevin was issued and served on the appellant, who refused to surrender the property or disclose its whereabouts. Upon application of appellee, appellant was adjudged to be in contempt of court by virtue of the rule. The court, in reversing the judgment said:

"In subjecting the defendant to contempt, the rule here considered provides to the plaintiff a remedy the Replevin act does

not contemplate. True, a defendant may defeat the purpose of the writ of secreting the property and refusing to turn it over to the officer. Nothing in the act prevents it. If such be a weakness in the act, it is a legislative and not a judicial question. A frailty in a statute cannot be remedied by a judicial rule which provides plaintiff a remedy he does not have under the act. In no case, aside from misconduct or contempt of legal court orders, may a party litigant have the benefit of an action for contempt against his adversary unless that remedy is provided by applicable statutes. * * *

"The Appellate Court held that the remedy of contempt is one in addition to that given by statute, and this is true; but this fact, it appears to us, demonstrates its illegality rather than its legality. Courts may not legislate by rule. Powers given to the municipal court by the constitutional amendment and sections 8 and 20 of the Municipal Court act, Ill.Rev.St.1939, c. 37, §§ 363, 375, do not include judicial legislation. They empower that court to adopt such rules regulating the practice in said court as it may deem necessary or expedient for the administration of justice in said court. Rules of practice or thus authorized to carry into effect laws applicable to cases being tried by that court. Such language does not contemplate that statutes, being administered in that court, shall be changed by rules of practice adopted by it. Such would be judicial legislation. Rules of practice are to administer statutes as they are and not to change them.

"Appellee's argument in support of its contention that rule 238h is a rule of practice and that practice and procedure are synonymous is not applicable to the case here presented. While it is true, as stated by appellee, that jurisdiction has been stated in many cases to mean jurisdiction of the class of cases to which the particular case belongs, and jurisdiction of the subject matter is the power to·hear and determine cases of the general class to which the particular case belongs, jurisdiction in replevin is to try the dispute as to the right to possession of the property, and until the officer to whom the writ is directed obtains possession of the property described in the writ, the court issuing the writ cannot be said to have jurisdiction over the property so as to enforce a writ of replevin by contempt proceedings. * * * A rule of court cannot confer jurisdiction and rule 238h is judicial legislation and of no effect."

The seizure of the property, under a writ of replevin, being requisite to the jurisdiction of the court to try and determine the right to the possession of the property, and damages for its unjust caption or detention, Troy Laundry Machinery Co. v. Carbon City Laundry Co., supra, may not be dispensed with, added to or limited by a rule of court. Universal Credit Co. v. Antonsen, supra; Collins v. Superior Court, in and for Maricopa County, 48 Ariz. 381, 62 P.2d 131 and Helbush v. Helbush, 209 Cal. 758, 290 P. 18, 21, where it is said: "Before the adoption of section 1a of article 6 of the Constitution, rules of

practice and procedure for the superior courts were adopted by those courts pursuant to section 129 of the Code of Civil Procedure. It was there provided that rules so adopted must be 'not inconsistent with the laws of this State.' Rules of court are adopted to facilitate the business of the court and for the convenience of litigants. Shain v. People's Lumber Co., 98 Cal. 120, 32 P. 878; McCabe v. Healey, 139 Cal. 30, 72 P. 359. But 'the acts necessary to give jurisdiction, as specified in an act of the Legislature, cannot be added to or limited by a rule of court.' Klokke Inv. Co. v. Superior Court, 39 Cal. App. 717, 179 P. 728, 729; Wigman v. Superior Court, 74 Cal.App. 132, 239 P. 427."

 After a careful consideration of the questions here presented me are constrained to hold that the rule, Sec. 25-1507, supra, provides a remedy not contemplated by the replevin statute, and seeks to confer jurisdiction where none theretofore existed. It is judicial legislation and of no effect.

 What we have said is equally true if the rule in question be deemed to have been adopted pursuant to this court's inherent power since even under such power the court does not assume to affect substantive rights of the parties. It is appropriate to say also that it is quite understandable that the trial court in applying the rule indulged the presumption that this court had acted within its power in adopting it.

The judgment will be reversed and the cause remanded with instructions to the trial court to set aside its judgment and to sustain appellant's demurrer.

It is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.