Solomon SENA, individually and on be-half of all others similarly situated, Plaintiff,

v.

Susie M. MONTOYA, Clerk of the District Court, First Judicial District, State of New Mexico, and Arthur Garcia, Sheriff of Santa Fe County, New Mexico, and their agents, employees and successors in office, Defendants.

Civ. No. 9296.

United States District Court, D. New Mexico.

July 21, 1972.

Earl Wylie Potter, Santa Fe, N. M., Michael B. Browde, Albuquerque, N. M., for plaintiff.

James C. Thompson, Dist. Atty., Vince D'Angelo, Asst. Dist. Atty., County of Santa Fe, Santa Fe, N. M., for defendants.

Before SETH, Circuit Judge, and MECHEM and BRATTON, District Judges.

## MEMORANDUM OPINION

### PER CURIAM.

This is a civil rights suit brought pursuant to 42 U.S.C. § 1983. Jurisdiction obtains by virtue of 28 U.S.C. § 1343(4). The suit asks this court to declare unconstitutional and enjoin the enforcement of a New Mexico statute allowing the summary seizure by a state agent of goods or chattels in a person's possession under a writ of replevin. The constitutional challenge is that the statute, by providing for seizure of property without prior notice or opportunity for hearing, violates the Fourteenth Amendment's guarantee that no state shall deprive any person of property without due process of law.

Solomon Sena, a resident of Santa Fe, New Mexico, purchased a used house trailer from an Albuquerque dealer under a retail installment contract calling for monthly payments over a seven year period and providing that title to the trailer is retained by the holder of the contract. Upon execution, the contract was immediately assigned to the First National Bank of Pueblo, Colorado, and soon thereafter, Sena began making the required payments of $77.05 per month. The total cost of the trailer, after deduction of a $500.00 down payment, was $4,558.45 plus a finance charge of $1,913.75.

After making payments for over three years, Sena tendered a payment by money order which, for reasons not in evi-

dence, the Bank would not accept. The Bank then obtained a writ of replevin under the statutes involved here, ordering the sheriff of Santa Fe County to seize the trailer at once. Before the writ could be executed Sena filed this action seeking to enjoin the District Court Clerk and the sheriff from proceeding further under the replevin statute. A temporary restraining order was issued enjoining execution of the writ. A three-judge Distict Court was then convened, and a hearing on plaintiff's application for a preliminary injunction was held on April 14, 1972. Counsel for both sides agreed that trial of the action on the merits would be advanced and consolidated with the hearing on the application. After the presentation of evidence and oral argument on the legal issues, the matter was taken under advisement pending a decision by the United States Supreme Court in two cases involving the replevin statutes of Florida and Pennsylvania.[1] That decision has now been rendered, Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (June 12, 1972).

The statute challenged here, N.M.S.A. § 22–17–18 (Supp.1971), is the enforcement section of the New Mexico laws relating to actions in replevin.[2] The statutory scheme grants a right of action for repossession of "any goods or chattels * * * wrongfully detained."[3] It provides that upon the filing of an affidavit by the plaintiff that he is entitled to possession of the property and that the property is wrongfully detained by the defendant,[4] accompanied by a bond for double the value of the property,[5] the district court clerk shall issue the writ of replevin "directed to the sheriff of the county and commanding him to replevy the property described in the affidavit of the complainant."[6] The writ is executed by seizing and delivering the property to the complainant and "by summoning the defendant to appear on the return day of the writ, to answer the action of the plaintiff."[7] The defendant may secure a return of the property only by posting a bond for double the value of the property.[8]

The New Mexico provisions are essentially identical to the Florida statutes struck down in Fuentes v. Shevin, *supra.* Like the Florida laws, they allow property to be seized without giving the possessor any prior notice or opportunity for hearing. Moreover, the interest of plaintiff Sena in his trailer is identical to the interest of Mrs. Fuentes in the property involved in her action—a possessory interest under a contract retaining legal title in the vendor. The holding in *Fuentes* is thus applicable to the statutes involved here. For the reasons set forth in *Fuentes,* the New Mexico prejudgment replevin provisions, N.M.S.A. 22–17–1 through 22–17–21 (1953 Comp.), are unconstitutional under the Due Process Clause of the Fourteenth Amendment insofar as they deny the right to an opportunity to be heard before chattels are taken from their possessor.[9] A judgment and permanent injunction in accordance herewith shall issue.

---

1. Fuentes v. Faircloth, 317 F.Supp. 954 (S.D.Fla.1970); Epps v. Cortese, 326 F.Supp. 127 (E.D.Pa.1971).

2. N.M.S.A. §§ 22–17–1 through 22–17–21 (1953).

3. *Id.,* § 22–17–1.

4. *Id.,* § 22–17–5.

5. *Id.,* § 22–17–6.

6. *Id.,* § 22–17–18.

7. *Id.,* § 22–17–10.

8. *Id.,* § 22–17–20.

9. Plaintiff has also attacked the statutes as violating the Fourth Amendment's prohibition against unreasonable searches and seizures. Our holding obviates the necessity of reaching this contention.