684 P.2d 517

The FIRST NATIONAL BANK OF SANTA FE, Plaintiff-Appellant and Cross-Appellee,

v.

SOUTHWEST YACHT & MARINE SUPPLY CORP., et al., Defendants-Appellees and Cross-Appellants.

Nos. 14961, 14974.

Supreme Court of New Mexico.

July 23, 1984.

Shaffer, Butt, Thornton & Baehr, Norman L. Gagne, Rodney L. Schlagel, Albuquerque, White, Koch, Kelly & McCarthy, Benjamin Phillips, Santa Fe, for plaintiff-appellant and cross-appellee.

Fairfield, Farrow, Hunt, Reecer & Strotz, P.C., John Farrow, Albuquerque, for defendants-appellees and cross-appellants.

**OPINION**

FEDERICI, Chief Justice.

The opinion of this Court heretofore filed on February 20, 1984 is withdrawn and the following opinion is substituted therefor.

The First National Bank of Santa Fe (Bank) brought this action in the District Court of Santa Fe County to collect amounts due pursuant to a promissory note and to replevy goods pledged as security for the payment of the promissory note. Southwest Yacht & Marine Supply Corporation (Southwest) filed a motion to dissolve the writ of replevin and an answer and counterclaim for damages for a wrong-

ful replevin. The trial court found that the facts stated in the affidavit in replevin did not comply with the requirements of the New Mexico statutes and dissolved the writ of replevin.

The Bank filed an amended affidavit in replevin to correct the defects in the original affidavit. The Bank then filed a motion for partial summary judgment on two grounds: first, that the filing of the amended affidavit cured the defects in the original affidavit in replevin; and second, that the Bank was not liable to Southwest in damages for wrongful replevin because Southwest's exclusive remedy for wrongful replevin was through NMSA 1978, Section 42–8–11. The trial court held that the amended affidavit in replevin did not relate back to cure the defects in the affidavit in replevin and denied that portion of the motion for partial summary judgment. The trial court granted the remaining portion of the motion for partial summary judgment. We reverse.

We initially consider the constitutionality of New Mexico's replevin statute, NMSA 1978, Sections 42–8–1 to 22. New Mexico's present replevin statute reflects amendments adopted by the New Mexico State Legislature in 1975. 1975 N.M.Laws, ch. 249, §§ 1 to 10. This Court had previously held that the law as it existed prior to these amendments, NMSA 1953, Sections 36–13–1 to 6 (Supp.1971), was unconstitutional. *Montoya v. Blackhurst*, 84 N.M. 91, 500 P.2d 176 (1972); *Accord Sena v. Montoya*, 346 F.Supp. 5 (D.N.M.1972). Our decision in *Montoya v. Blackhurst* was based on the United States Supreme Court's decision in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In that case, replevin statutes which were substantially similar to New Mexico's were held to be unconstitutional insofar as they did not provide an opportunity for the party in possession of the chattels to be heard prior to the repossession. The Court stated that its holding was a narrow one, and it recognized the power of a state to seize goods before final judgment in certain circumstances. *Id.* at 96, 92 S.Ct. at 2002. Subse-

quent to its opinion in *Fuentes,* the United States Supreme Court in *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), established the minimum due process requirements that a replevin statute must meet in order to be constitutional. These requirements were set out by the Supreme Court of Florida as follows:

(1) the law requires plaintiffs to show facts indicating a right to the property sought to be replevied, and the allegations must be verified;

(2) an application for replevin without notice must be presented to a judge, as opposed to a ministerial court official;

(3) the facts alleged must show the necessity for replevin, which is sufficiently shown if the debtor is in possession of the property and the applicant establishes that there is a possibility of waste, concealment or transfer of the property, or that the debtor is in default on his payments;

(4) the plaintiff must post a bond to protect the debtor from mistaken repossession; and

(5) the debtor must be entitled to an immediate hearing on the issue of possession.

*Gazil, Inc. v. Super Food Services, Inc.,* 356 So.2d 312 (Fla.1978).

■ The 1975 amendments to the New Mexico replevin statute incorporated into the statute the requirements articulated by the United States Supreme Court in *Mitchell.* New Mexico's replevin statute now complies with the *Mitchell* standards, and is therefore constitutional.

■ Any replevin action initiated pursuant to New Mexico's statute must comply strictly with the statutory requirements in order not to violate a defendant's due process rights. *Cf. Lowery v. Garfield County,* 122 Mont. 571, 208 P.2d 478 (1949). Before a writ of replevin is issued, an affidavit must be filed in district court stating, among other things, that the plaintiff has reason to believe that during the pendency of the action the defendant may conceal, dispose of, or waste the property or the

revenues therefrom or remove the property from the jurisdiction. NMSA 1978, § 42–8–5(C). The affidavit must also state specific facts from which it clearly appears that the allegations are justified. NMSA 1978, § 42–8–5(E).

■ In this case, the original affidavit did not comply with the above requirements, and therefore the trial court correctly quashed the writ of replevin it had previously entered. The trial court did, however, grant the Bank leave to amend its affidavit. Such amendments are allowed by statute: "[W]here an original writ of * * * replevin has been quashed for defect in the affidavit * * * the court shall allow an amendment thereof to cure the defect, under such circumstances as amendments of ordinary pleadings are allowed by law and with like effect * * * * " NMSA 1978, § 42–9–14. The issue presented is whether the amendment of an affidavit in replevin relates back to the date of the original affidavit. We hold that it does.

■ Our rules provide that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." NMSA 1978, Civ.P.R. 15 (Repl.Pamp.1980). Amendments to pleadings are favored, and should be liberally permitted in the furtherance of justice. *Martinez v. Research Park, Inc.,* 75 N.M. 672, 410 P.2d 200 (1965). This liberality extends to replevin actions. *Vigil v. Johnson,* 60 N.M. 273, 291 P.2d 312 (1955). Applying the cited statutes and case law to the facts in the present case, we find that the amended affidavit did relate back to the time of the filing of the original affidavit in replevin. We therefore reverse the trial court on this issue.

■ On cross appeal, Southwest contends that the trial court erred in limiting damages recoverable for wrongful replevin to those set forth in NMSA 1978, Section 42–8–11. We agree. Southwest's counterclaim raised claims of conversion, fraud,

wrongful acceleration of a promissory note, breach of contract, negligence and negligent misrepresentation in addition to the wrongful replevin claim. All of these theories rely on the operative facts of the wrongful seizure of Southwest's property pursuant to the wrongfully issued writ of replevin. Southwest's remedies for wrongful replevin are limited by the replevin statute. The replevin statute does not, however, preclude other causes of action Southwest may have which arose independent of any wrongful replevin.

Two sections of New Mexico's replevin statute provide remedies for situations in which a wrongful replevin has occurred. Should the plaintiff in a replevin action fail to prosecute his suit with effect and without delay, the defendant may recover either the property taken, or its assessed value, and double damages for the use of the property from the time of its taking. NMSA 1978, § 42–8–11. This section found its origin in the Code of Civil Procedure passed in 1847, appeared in the 1897 compilation of the laws of New Mexico, NMCL 1897, Section 2749, and has not since been amended.

A second remedy was added by the Legislature when it amended the replevin statute in order to meet constitutional due process requirements. 1975 NM Laws, ch. 249, § 7. The added section provides, in part:

> Upon the defendant's motion before trial, the district court shall determine the truth of the facts stated in the plaintiff's affidavit at a hearing, to be held without delay. If the plaintiff fails to prove the truth of the facts stated, the writ shall be dissolved, the plaintiff shall be ordered to return the property to the defendant and an order shall be entered for the defendant against the plaintiff and his sureties for the attorney's fees incurred in the dissolution of the writ and for double damages for the use of the property from the time of its delivery to the plaintiff.

NMSA 1978, § 42–8–19(A).

The Bank contends that these two sections are mutually exclusive; that once Southwest chose not to accept the Bank's offer to return the wrongfully replevied property it limited its remedies to those available under Section 42–8–11. We disagree. Southwest is not limited to remedies found in only one section of the replevin statute. The two sections address two separate wrongs.

■ Section 42–8–19 addresses the specific failure of the plaintiff to prove the truth of the facts stated in his affidavit. The statute was enacted to avoid due process problems that arise when property is taken in an ex parte action based on an insufficient or unsubstantiated affidavit. The statute requires the district court to order the plaintiff to return the property to the defendant. The defendant is not obligated to accept the tender, and failure to so accept does not prevent the defendant from recovering attorney fees incurred in the dissolution of the writ. NMSA 1978, § 42–8–19. By failing to accept the tender, however, the defendant limits the damages recoverable to those suffered during the period from the wrongful taking to the date of the tender.

■ Section 42–8–11, on the other hand, was the original remedy provided by the Legislature. It allows the defendant to recover judgment in case the plaintiff fails to prosecute his suit with success and without unreasonable or unnecessary delay. *Riggs v. Gardikas*, 78 N.M. 5, 427 P.2d 890 (1967). The statute is merely directory, and the defendant must show injury in order to recover under this statute. *Vigil v. Johnson*, 60 N.M. 273, 291 P.2d 312 (1955).

■ In construing a statute, the overriding concern of the Court is to ascertain and give effect to the intention of the Legislature. *Arnold v. State*, 94 N.M. 381, 610 P.2d 1210 (1980). In determining legislative intent, the Court will look primarily to the language used, yet may also consider the history and background of the statute in question. *Methola v. County of*

*Eddy,* 95 N.M. 329, 622 P.2d 234 (1980). Under the language of the statutes, it is clear that the remedies provided are not mutually exclusive. Additionally, the history of Section 42–8–19 indicates that it was enacted to prevent a defendant from being forced to pay his own attorney fees to quash a writ issued based on a defective affidavit. Such payment of fees would subvert the due process requirements established in *Mitchell v. W.T. Grant Co.* Finally, statutes which relate to the same subject matter should, if possible, be construed to give effect to every provision of each. *State ex rel. State Park and Recreation Commission v. New Mexico State Authority,* 76 N.M. 1, 411 P.2d 984 (1966).

■ Pursuant to Section 42–8–19, Southwest may only recover reasonable attorney fees which it may have incurred in the dissolution of the wrongfully issued writ of replevin. No attorney fees are recoverable for otherwise defending the replevin action. *Riggs v. Gardikas,* 78 N.M. 5, 427 P.2d 890 (1967).

The final issue we address is what damages Southwest may recover under the statutory remedy of double damages for use of the property from the time of delivery to the plaintiff. In *Giannini v. Wilson,* 43 N.M. 460, 95 P.2d 209 (1939), the plaintiff brought a premature suit in replevin for the defendant's automobile and judgment was entered for the defendant on his cross-complaint for wrongful replevin. We recognized that the defendant's remedies were limited by the replevin statute:

> Whether the replevin was simply a mistake of fact upon the part of the appellant or was in bad faith as found by the lower court is immaterial. The statute settles the matter for us. The measure of damages in this case as fixed by the statute is the amount of injury inflicted upon the appellee by the wrongful replevin appellant sued out against the appellee.

*Id.* at 468, 95 P.2d at 213. We went on to say that the statute allows for a flexible determination of defendant's damages:

> When the appellant failed in his replevin suit, he was a tortious invader of the property rights of the appellee, with double damages imposed upon him by statute. The measure of damage is the amount which will compensate for all of the detriment proximately caused by the wrongful replevy, and then doubled as provided by statute.

*Id.* at 469, 95 P.2d at 214. However, after stating this rather broad definition of damages recoverable under the statute, the Court limited the amount which the defendant could recover to the reasonable rental value of the automobile.

■ In this case the measure of damages recoverable by Southwest for the Bank's wrongful replevin is double damages for the use (or reasonable rental value) of the property wrongfully replevied, for the period of time from its wrongful taking to its tendered return.

Additionally, if Southwest has any claims sounding in tort or contract which are based on action taken by the Bank independent of and apart from the replevying of Southwest's inventory, these claims are not barred by the replevin statute, and therefore summary judgment on this issue was improper.

The cause is remanded to the trial court for further proceedings in accordance with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN and WALTERS, JJ., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I concurred with the conclusion reached in the first opinion filed in this matter. *See First National Bank v. Southwest Yacht & Marine Supply Corp.,* 23 S.B.B. 253 (1984). In that opinion, this Court determined that Southwest's exclusive remedy for wrongful replevin is limited to those remedies found in the replevin statutes, NMSA 1978, Sections 42–8–1 to –22. That opinion has now been withdrawn and re-

written, reaching a different conclusion with which I disagree. I hereby dissent for the following reasons.

The replevin statute provides for an action in all cases, where, under the common law, either replevin or detinue might have been maintained. *Troy Laundry Machinery Co. v. Carbon City Laundry Co.,* 27 N.M. 117, 196 P. 745 (1921). At common law, an action for replevin was maintainable where there was an unlawful taking and an unlawful detention of personal property. Detinue was maintainable for the recovery of personal property where there was an unlawful detainer, regardless of the manner of the taking. *Id.* The replevin statute was therefore designed by the Legislature to replace the common law actions of replevin and detinue. Replevin under this statute is a possessory action. The primary object of a replevin action is the plaintiff's right to the immediate possession of the property. *Johnson v. Terry,* 48 N.M. 253, 149 P.2d 795 (1944). However, in a suit for replevin, the right to possession is not the only issue. The statute also provides a right to damages for unlawful detention or for the use of the property. *Sandoval v. Taylor,* 43 N.M. 170, 87 P.2d 681 (1939).

Currently, two sections of the replevin statute provide damages due to wrongful replevin:

**Section 42–8–11.** In case the plaintiff fails to prosecute his suit with effect and without delay judgment shall be given for the defendant and shall be entered against the plaintiff and his securities for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof.

**Section 42–8–19(A).** Upon the defendant's motion before trial, the district court shall determine the truth of the facts stated in the plaintiff's affidavit at a hearing, to be held without delay. If the plaintiff fails to prove the truth of the facts stated, the writ shall be dissolved, the plaintiff shall be ordered to return the property to the defendant and an order shall be entered for the defendant against the plaintiff and his sureties for the attorney's fees incurred in the dissolution of the writ and for double damages for the use of the property from the time of its delivery to the plaintiff.

This Court in *Troy Laundry Machinery Co. v. Carbon City Laundry Co.,* 27 N.M. at 121, 196 P. at 747 (1921) interpreted the predecessor statutes to the current replevin statute and recognized:

A *complete remedy* and procedure is prescribed in the act itself, and *nothing* whatsoever is left in doubt or to be controlled by any of the common-law forms of procedure. (Emphasis added.)

Wrongful replevin is also a statutory action, since there was no action for wrongful replevin at common law. *See* J. Sutherland, *A Treatise on the Law of Damages,* § 1155 (4th ed. 1916). The rights of a defendant in a replevin suit are therefore fixed by statute. *Farmers' Cotton Finance Corp. v. White,* 39 N.M. 132, 134, 42 P.2d 204, 205 (1935).

Moreover, the remedy provided by statute is exclusive where a statute creates a right or liability which did not exist at common law and also provides a specific remedy for the enforcement of the right or liability. *See Munro v. City of Albuquerque,* 48 N.M. 306, 150 P.2d 733 (1943). Since an action for wrongful replevin is a statutorily created right, and adequate provision for its enforcement is found in the statute, the statutory remedy is exclusive.

The majority opinion correctly recognizes that the defendant's remedies are limited by the replevin statute. The majority quotes *Giannini v. Wilson,* 43 N.M. 460, 468, 95 P.2d 209, 213 (1939) which states:

Whether the replevin was simply a mistake of fact upon the part of the appellant or was in bad faith as found by the lower court is immaterial. *The statute settles the matter for us.* The measure of damages in this case as fixed by the statute is the amount of injury inflicted

438

upon the appellee by the wrongful replevin * * * * (Emphasis added.)

However, after reasoning that the remedies provided by the statute are not mutually exclusive and stating that the defendant's remedies are limited by the replevin statute, the majority, ignoring the legislative intent of the replevin statute and without citing any support, adds that "if Southwest has any claims sounding in tort or contract which are based on action taken by the Bank independent and apart from the [replevin], these claims are not barred by the replevin statute." In doing so, the majority fails to consider that all of the theories found in Southwest's counterclaims *rely on the same operative facts of the wrongful replevin.*

The overriding concern of the Court, in construing a statute, is to determine and give effect to the intention of the Legislature. *Arnold v. State,* 94 N.M. 381, 610 P.2d 1210 (1980). Moreover, to determine legislative intent, the Court will look primarily to the language of the statute. *See Fort v. Neal,* 79 N.M. 479, 444 P.2d 990 (1968). However, the Court may also consider the history and background of the statute in question. *Munroe v. Wall,* 66 N.M. 15, 340 P.2d 1069 (1959). It was the intent of the Legislature and the policy of the replevin statutes to provide a balance between the rights of the creditor and debtor. *See* D. Dobbs, *Handbook on the Law of Remedies,* § 42 at 230 (1973). The statutory policy encourages the creditor to follow the statutes to afford protection for the debtor while at the same time limiting the damages the creditor can sustain should the creditor act improperly. The majority opinion damages this well-established policy. Should Southwest have other claims sounding in tort or contract which arose independent from the replevin action, these claims should not be raised in the form of a counterclaim but rather must be brought in a separate lawsuit. The decision of the trial court that the replevin statutes provide the exclusive remedy for wrongful replevin should be affirmed.

For these reasons, I dissent.